OTTO F. WALTER, TRUSTEE, APPELLEE, V. NATIONAL FIRE INSURANCE COMPANY ET AL. : GRONEWEG & SCHOENTGEN COMPANY, APPELLANT.

FILED OCTOBER 2, 1917.   No. 19607.

Bankruptcy: PREFERENCES: NOTICE.   If a debtor who is insolvent pays or secures one of his creditors, such creditor is chargeable with notice of such facts as a reasonable inquiry, in view of the circumstances with respect to the debtor's insolvency which were brought home to him, might fairly be expected to disclose.   It is not necessary, under the bankrupt act, to find that the creditor actually knew or believed that the debtor was insolvent.

APPEAL from the district court for Platte county: GEORGE H. THOMAS, JUDGE.   Affirmed.

Lambert, Shotwell & Shotwell and D. H. Sheehan, for appellant.

*Otto F. Walter, contra.*

SEDGWICK, J.

Charles Caldwell was adjudged a bankrupt. Among others he was indebted to the defendant Groneweg & Schoentgen Company, and assigned to that company an interest in an insurance policy in settlement of the claim. Afterwards, in an action upon the insurance policy, the company admitted its liability, and the question presented to the court was as to the validity of the assignment to the Groneweg & Schoentgen Company. The trial court decided that Caldwell was insolvent at the time of the assignment, and that the assignment was an unlawful preference, and was therefore void. The defendant Groneweg & Schoentgen Company appealed.

The questions presented are essentially questions of fact. Was Caldwell insolvent at the time of the assignment to this defendant? Did this defendant have such notice of the insolvency as to render the assignment void under the bankruptcy act as an unlawful preference?

It is conceded that the assignment was made within the four months prior to the adjudication of insolvency, and the evidence that Caldwell was insolvent at the time of the assignment is so clear that it requires no discussion. Indeed, it is not much discussed in the defendant's brief. So that the controverted question in this case is as to the knowledge or notice that this defendant had of such insolvency at the time it took the assignment.

One Russell acted as the agent of this defendant in adjusting its claim and procuring the assignment from the defendant. He was a witness upon the trial and testified in behalf of the defendant. Russell knew that Caldwell had been conducting a bakery, and that his stock of goods was entirely destroyed by the fire, that his insurance on the stock and fixtures was $2,600, and that the fixtures not destroyed by fire were of considerable value, so that he knew that Caldwell could not recover the full amount of his insurance upon his policies. In his inquiries he learned that Caldwell had no real estate. He made inquiries

among the business men of the town as to Caldwell's financial condition, and was told that it was "only a question of whether he gets all of his insurance money," and, as Russell knew that he would not collect the total policy, this was notice that he would not be able to pay his liabilities. He testified that he interviewed the bank of the town, and said: "Well, they said if he gets his insurance he will pay out, but they didn't know whether he was going to get it all or not, but they didn't think he would get all of his insurance." This was a statement by the officers of the bank upon Russell's inquiry that in their opinion Caldwell would not be able to pay his liabilities.

"It is not necessary that the creditor knows or even actually believes that a preference is being given, provided he has reasonable cause to be put upon inquiry as to whether a preference is actually given or not. Constructive notice is sufficient, upon the ground that, when a party is about to perform an act by which he has reason to believe that the rights of a third party may be affected, an inquiry as to the facts is a moral duty and diligence and an act of justice. Whatever fairly puts a party upon inquiry is sufficient notice where the means of knowledge are at hand, and, if the party under such circumstances omits to inquire and proceeds to receive the transfer or conveyance, he does so at his peril, as he is chargeable of knowledge and of all the facts, which by a proper inquiry he might have ascertained." 1 Loveland, Bankruptcy (4th ed.) sec. 508.

"In determining this question, it is not necessary to find that the creditor actually knew or believed that the debtor was insolvent. He is chargeable with notice of such facts as a reasonable inquiry, in view of the circumstances with respect to the debtor's condition which were brought home to him, might fairly be expected to disclose." *Hackney v. Raymond Bros. Clarke Co.,* 68 Neb. 624. *Farmers & Mechanics Bank v. Wilson,* 4 Neb. (Unof.) 606, is not inconsistent with this view.

The court tried this case without a jury, and the findings have the same weight as would the findings of a jury. It

101 Neb.—41

seems clear that under this evidence this court cannot say that the findings of the trial court are so wholly unsupported as to require a reversal.

The judgment of the district court is

AFFIRMED.

LETTON, J., not sitting.