CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

## JANUARY TERM, 1919.

THEODORE LARSEN, APPELLEE, V. WALTER SAVIDGE ET AL.,
APPELLANTS.

FILED JANUARY 4. 1919. No. 20162.

1. **Pleading:** REPLY: AMENDMENT. Where a plea in the answer is
   tried by the parties and submitted to the jury as though traversed
   by the reply which, before judgment, is amended to raise the issue
   in fact tried, the defect in the original reply is not a ground of
   reversal.

2. **Trial:** QUESTION FOR JURY. A substantial conflict in evidence on
   an issue of fact presents a question for the jury.

3. **Harmless error** in the admission of evidence is not a ground for
   reversing a judgment.

4. **Trial:** INSTRUCTIONS. A party desiring a more explicit instruction
   than that given should offer such an instruction.

APPEAL from the district court for Wayne county:
ANSON A. WELCH, JUDGE. *Affirmed.*

*A. R. Davis* and *F. S. Barry,* for appellants.

*M. D. Tyler, H. E. Siman* and *L. A. Kiplinger, contra.*

ROSE, J.

This is an action to recover $10,000 for personal
injuries resulting from alleged negligence of defendant,

79

while conducting a show in a tent at a street fair in Wayne. Plaintiff, having purchased a ticket, entered the tent and occupied a seat in a section of elevated tiers of seats which fell and broke both of his legs. The answer was a general denial and a plea that plaintiff was injured through his own negligence in taking a seat, with full knowledge of existing conditions, in violation of the instructions of defendant, while the seats were being prepared for reoccupancy, after they had sagged and had been temporarily vacated for readjustment. The jury rendered a verdict in favor of plaintiff for $1,650. From a judgment thereon defendant has appealed.

The first question is raised by an assignment that the trial court erred in overruling a motion to direct a verdict in favor of defendant. This question seems to be presented in two aspects: Failure of plaintiff to deny in his reply the truth of the allegations constituting the plea of contributory negligence, and insufficiency of the evidence to sustain a judgment in favor of plaintiff.

In disposing of the first proposition it is not necessary to inquire whether the reply in its original form was technically sufficient in the particular mentioned. The issue of contributory negligence was in fact tried by the parties and submitted to the jury, and the trial court, before entering judgment on the verdict, properly permitted an amendment curing the defect. Defendant was in nowise misled or prejudiced by the course thus pursued.

The other proposition seems to be based on a misapprehension of the evidence. The proofs are sufficient to justify the following inferences: Plaintiff was invited to the show, purchased a ticket, entered the tent and properly occupied a seat among many other persons. The seats were in three sections with tiers ascending from front to rear. Recent rains had softened the earth beneath. After the crowd had been seated, the

lower ends of the legs of the seat-jacks sank into the ground, causing the seats to sag. The occupants complied with a request by defendant to vacate temporarily for the purpose of allowing him to readjust the seats. He gave assurance the seats would be safe in that event. After the first and second sections had been leveled up and the seat-boards replaced, plaintiff and others, without any objection or warning by defendant, reoccupied the seats before the third section had been repaired. Five minutes later the occupied seats collapsed, fell and broke plaintiff's legs. These are reasonable inferences, and the evidence from which they are drawn, with proofs of damages, fully sustains the verdict, though there is contradictory evidence tending to show that defendant was not guilty of actionable negligence and that plaintiff was injured through his own negligence. The issues of fact having been settled by the jury, this assignment of error is overruled.

Another objection to the verdict is based on the admission of evidence that plaintiff had pneumonia while suffering from his broken legs. Testimony of this nature came out on cross-examination of plaintiff and he pursued the subject further. Prejudice to defendant in this respect, however, is not shown. The trial court instructed the jury to disregard such evidence and not to consider it in estimating damages. This cured the error, if any.

Complaint is also made of an instruction that the burden of proving the defense of contributory negligence is on defendant. No fault is found with the instruction as far as it goes, but it is argued that the trial court should have stated in addition that the alleged conduct of defendant, if proved, "is such contributory negligence and is such disregard of one's own safety as will prevent recovery in this case." The charge as a whole included the statement that contributory negligence was pleaded as a defense and that issue was submitted to the jury. To make error

103 Neb.—6

available, a more explicit instruction should have been requested; but this was not done. The ruling hereon applies also to criticism of an instruction relating to comparative negligence. An error prejudicial to defendant has not been found in any instruction or in any other part of the record.

AFFIRMED.

LETTON and ALDRICH, JJ., not participating.