GUS P. HORN, TRUSTEE, APPELLEE, V. RALPH GOLDBERG, APPELLANT.

291 N. W. 493

FILED APRIL 5, 1940. No. 30788.

*Ziegler, Dunn & Becker* and *D. L. Manoli,* for appellant.

*Young & Williams, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ.

SIMMONS, C. J.

This is an action to recover alleged preferential payments made to the defendant by a bankrupt corporation.

Plaintiff alleges: (1) That he is the trustee of the estate of Famous Liqueurs, Inc., Bankrupt (hereinafter called the company) ; (2) that the company was a Nebraska corporation engaged in the wholesale liquor business; (3) that, on and prior to January 13, 1937, defendant was a general unsecured creditor of the company in the sum of $2,000; (4) that voluntary payments of $500 and $1,500 were made by the company to the defendant on January 20, 1937, and February 16, 1937, respectively; (5) that the company was insolvent at the time of said payments, that said payments gave to the defendant a greater percentage of his claim than other general creditors will receive, that the payments were made from company assets and the estate of the company thereby diminished; (6) that at all of said times, defendant knew, or had a reasonable cause to believe, that a preference would be effected by said payments and that the company was insolvent; (7) that the company filed a voluntary petition in bankruptcy on March 11, 1937, and on said date was adjudged bankrupt, and that its estate has not sufficient assets to pay its liabilities.

Plaintiff prayed that said payments be adjudged to be avoidable preferences, that they be avoided, and that he have judgment for $2,000 and interest. Defendant by answer admitted allegations (1) and (2) and denied all other allegations of plaintiff's petition. Trial was to a jury. At the close of plaintiff's case in chief, and also when both parties rested, defendant moved for an instructed verdict

for the following reasons: "1. Under the law and the evidence the plaintiff is not entitled to recover. 2. The evidence fails to show that the defendant, on the date of the payments charged as a preference, was informed and is chargeable with any information, and the evidence fails to show that he knew that there was any insolvency on the part of" the company, "or that he believed, or had reason to believe, that the payments made * * * would constitute a preference in his favor." The motions were overruled. Verdict and judgment was for the plaintiff. Defendant appeals.

Defendant contends that the court erred in overruling said motions, basing his contention upon the propositions that the burden rests upon the plaintiff to prove (1) that the bankrupt was insolvent at the time of the payments; (2) that the defendant must have known, or have reasonable cause to believe, that the payment would effect a preference. U. S. C. A. Title 11, sec. 96.

On the first proposition, the defendant states that the law requires that a payment, before it can be avoided as illegal, must effect a preference, and that there is no evidence to show that a preference actually resulted from the payment to the defendant. Defendant by his answer put this matter in issue. Plaintiff concedes that, to be voidable, a payment must actually have effected a preference. Schedules of the assets and liabilities were introduced. These schedules were admissible as tending to prove the insolvency charged. *Hackney v. Raymond Bros. Clarke Co.*, 68 Neb. 633, 99 N. W. 675. Defendant contends that there is no proof as to what claims or amount thereof were allowed, and that, as the record stands, it is a conjecture as to whether or not a preference has been effected. There are two answers to defendant's contention. First, defendant repeatedly objected to placing the books and records of the company in evidence on the ground that it encumbered the record. Counsel for defendant at one time stated: "I think the totals of the indebtedness and the assets as shown by the books, if they do show, computed by * * * somebody * * * competent is

all that ought to be offered and go into the record." Plaintiff then proved the report of the auditor's examination of the books and records.

It is obvious from the record that the case was tried on the theory that the controverted issue was whether or not the defendant "knew or had a reasonable cause to believe that a preference would be effected by" the payments to him. That was the proposition directly presented in the motion for an instructed verdict. The defendant in several places in his brief in this court recognizes that to be the "issue." The defendant may not now be allowed to present this case on a different basis than that on which it was presented to the trial court. That the company is insolvent cannot be denied. As shown by the company's books as of December 31, 1936, the company's total assets were $8,-413.68, its liabilities were approximately $16,000, it operated in 1936 at a net loss of $6,178.62, the company operated at a loss after January 1, 1937. That it was insolvent at all times after January 1, 1937, is the only conclusion that can be deducted from this record. The plaintiff has on hand a net amount of $2,052.45 plus an uncollected judgment for $665.85. One creditor has an unsecured claim for over $3,400. Defendant's account was paid in full. It is obvious that a preference has been effected.

On the second proposition in support of his position that his motion should have been sustained, defendant contends that the plaintiff's evidence establishes a "mere suspicion" and not a "reasonable cause to believe."

"Whether a creditor had reasonable cause to believe his debtor insolvent * * * is a question of fact. In determining this question, it is not necessary to find that the creditor actually knew or believed that the debtor was insolvent. He is chargeable with notice of such facts as a reasonable inquiry, in view of the circumstances with respect to the debtor's condition which were brought home to him, might fairly be expected to disclose. * * * But a mere knowledge that the debtor has other liabilities, or of circumstances which could operate no further than to create a suspicion

of possible insolvency, is not always sufficient." *Hackney v. Raymond Bros. Clarke Co.*, 68 Neb. 624.

In *Walter v. National Fire Ins. Co.*, 101 Neb. 639, 164 N. W. 569, this court cited with approval the following:

"It is not necessary that the creditor knows or even actually believes that a preference is being given, provided he has reasonable cause to be put upon inquiry as to whether a preference is actually given or not. Constructive notice is sufficient, upon the ground that, when a party is about to perform an act by which he has reason to believe that the rights of a third party may be affected, an inquiry as to the facts is a moral duty and diligence and an act of justice. Whatever fairly puts a party upon inquiry is sufficient notice where the means of knowledge are at hand, and, if the party under such circumstances omits to inquire and proceeds to receive the transfer or conveyance, he does so at his peril, as he is chargeable of knowledge and of all the facts, which by a proper inquiry he might have ascertained." 1 Loveland, Bankruptcy (4th ed.) sec. 508.

What then are the facts "brought home" to the defendant which a "reasonable inquiry" would have disclosed? A representative of another creditor testified that, on January 13, 1937, he attempted to collect his account without success; that thereafter on that day he told the defendant of his efforts to collect his account; that his company was very much worried; that the president of the company would not give him definite figures of its business and refused to allow the creditor to examine its books; that it was the opinion of the creditor that the company was going "deeper and deeper in the hole;" that the company's president had given him figures indicating that the company was "several thousand dollars in the red and couldn't meet their accounts;" that that creditor believed the company should be liquidated. He further testified that the defendant replied, "Even if you do lose something on it, or a good part of it, you won't miss very much of it," and that the defendant did not think the company was making any progress, and "I don't think you will be able to get" it;

that the creditor might lose a good part of its claim. Through personal friendship and business transactions, the defendant had an intimate relationship with the company's president; at defendant's suggestion, defendant and the company employed the same auditor; defendant's bookkeeper set up the company's books. The defendant testified that he knew nothing about the company in January and February, 1937, except that it seemed to be doing a much larger business than formerly. He denied largely the plaintiff's testimony as to the conversation of January 13, 1937. The dispute of fact was a question for the jury. They believed the plaintiff's witnesses. It is obvious that defendant was not ignorant of many details of the company's business and of its financial situation and methods of doing business.

The facts which an inquiry would have disclosed have been set out herein. Each case must necessarily depend upon its own circumstances. Under the facts here, there is ample evidence to be submitted to a jury and to sustain the finding that the defendant "had reasonable cause to believe" that the payment to him "would effect a preference." The trial court did not err in overruling the motions for a directed verdict.

Defendant next contends that the court erred in giving the following instruction:

"You are instructed that for the purpose of the cause now on trial all of the relevant and material allegations of the plaintiff's petition have been established by a preponderance of the evidence *as a matter of law,* except the allegation contained in paragraph No. 6, which is as follows: 'At all of said times defendant Goldberg knew or had reasonable cause to believe that a preference would be effected by said payments, and each of them, and that said corporation was insolvent.'"

Defendant objects specifically to that part of the instruction holding that all material allegations (except the one noted) have been established *as a matter of law.* Defendant contends that there is no *conclusive* proof of those facts,

and that therefore the instruction was erroneous. By the provisions of section 20-853, Comp. St. 1929, errors not affecting the substantial rights of the defendant must be disregarded. As we have pointed out, the only issue on which the defendant offered evidence was the issue to which the court directed the jury's attention. We need not determine the question of whether or not those facts were established "as a matter of law." They were sufficiently established to take the case to the jury, and no evidence to the contrary was offered. We do not see that the defendant has been prejudiced. The trial court properly directed the jury's attention to the one issue which the parties recognized as in controversy.

Defendant next contends that the trial court erred in admitting evidence that the company sold liquor at cost to a corporation owned by the defendant and that rebates were given by the company to the defendant's corporation for the reason that it is "wholly irrelevant *to the issue* in the case at bar." Defendant on his examination in chief testified that he received "advantageous prices" from the company and that "they were never selling me at a loss." Plaintiff then offered evidence that the company sold the defendant's corporation at net cost, without margin for overhead, delivery or profit, and that the company had paid rebates to the defendant. The defendant opened the question in his case in chief, the evidence showed the manner of business between the defendant and the company, and went to the defendant's credibility. The admission of the evidence under the circumstances was not prejudicial error.

The trial court instructed the jury in part as follows: "Therefore, before the plaintiff can recover against the defendant, he must establish, by a preponderance of the evidence, that the defendant Ralph Goldberg knew or had reasonable cause to believe that Famous Liqueurs, Inc. was insolvent as of the date of January 20, 1937, and February 16, 1937, respectively, and that the payments made to him would result in a preference."

Defendant contends that the court erred in failing to de-

fine "reasonable cause" as used in this instruction. The defendant further states: "The defendant, seeking to avoid the dangers of a general instruction" tendered four proposed instructions which were refused. An examination of the tendered instructions reveals that they sometimes use but do not define the term "reasonable cause to believe."

This court has held: "Though an instruction may not be so specific as it should be, if it is not misleading, it is not cause for reversal, where the complaining party made no request for a more specific instruction." *Webb v. Omaha & S. I. R. Co.,* 101 Neb. 596, 164 N. W. 564. "A party desiring a more explicit instruction than that given should offer such an instruction." *Larsen v. Savidge,* 103 Neb. 79, 170 N. W. 353. The instruction given being a correct statement of the law, in the absence of a request for a more specific definition of the term used, the failure of the trial court to define the term "reasonable cause to believe" was not error. *Hannah v. American Live Stock Ins. Co.,* 111 Neb. 660, 197 N. W. 404; *Bonacci v. Cerra,* 134 Neb. 476, 279 N. W. 173.

The judgment of the trial court is

AFFIRMED.