DORALENE THUROW, APPELLEE, v. IVAN SCHAEFFER,
APPELLANT.
38 N. W. 2d 732

Filed July 21, 1949.   No. 32612.

*Ivan Van Steenberg,* for appellant.

*Torgeson & Halcomb,* and *Bernard F. O'Brien,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action for damages for personal injuries by Doralene Thurow, plaintiff, appellee here, against Ivan Schaeffer, defendant, appellant here, growing out of an incident wherein an automobile operated by plaintiff overturned and in overturning came into contact with a combine operated by Leonard I. Schaeffer, son and employee of the defendant. The gist of the action is negligence on the part of Leonard I. Schaeffer attributable to the defendant.

There was a trial to a jury which resulted in a verdict and judgment in favor of plaintiff for $1,350. From the judgment, an order overruling a motion for new trial, and an order overruling a motion for judgment

notwithstanding the verdict, the defendant has appealed.

As grounds for reversal the defendant asserts that the court erred in the giving of certain instructions; that the court erred in failing to instruct that it was negligence for plaintiff to drive at such a rate of speed that she could not stop within the range of her vision; that the court erred in failing to instruct that the plaintiff was under obligation to use due care in observing other vehicles on the highway and that she was not entitled to insist upon her right of way under the circumstances; that the court erred in failing to instruct that if the plaintiff had seen or should have seen the vehicle of defendant and was driving at such a rate of speed that she could not stop within the range of her vision, she was guilty of contributory negligence as a matter of law; that the court erred in overruling the motion of defendant for a directed verdict at the close of the evidence; that the court erred in overruling the motion of defendant for judgment notwithstanding the verdict; and that the court erred in overruling the motion of defendant for a new trial because of the misconduct of a member of the jury.

The accident occurred on a country road about three miles south and two miles west of Dix, Kimball County, Nebraska, at about five p. m. on September 19, 1947. The road extends north and south and at the point of collision is about 21 feet in width. At the time of the accident plaintiff was driving in a northerly direction and without question on her right side of the road. The defendant's combine was coming from the opposite direction at about seven miles an hour and occupying its entire left side of the highway. Whether or not it occupied a portion of the right side is in dispute. The witnesses for defendant said that the combine extended sufficiently beyond the roadway to its left so that 12 or 13 feet on the right side was open. In any event they said that there was ample room for plaintiff to have turned to the left and to have passed along the west

side of the combine. Instead of turning to her left she turned right to avoid striking the combine, applied her brakes, but was unable to stop, in consequence of which her automobile turned over. There was no direct collision but there was sufficient contact so that some slight damage was done to the left end of the combine.

To the south of the point of the accident was the apex of a small hill. Just how far is not made certain by the evidence but it was probably from 100 to 300 feet. This rise to the top from both directions is not sharp and the top is rounded and according to some witnesses practically level for the distance of about 100 feet. The elevation of the apex of the hill is 11.2 feet higher than a point 450 feet to the north and 11 feet higher than a point 200 feet south.

The plaintiff for her charge of negligence declared that the defendant was moving his combine, which exceeded eight feet in width, south on the left or east side of the road upward toward the crest of the hill which combine was occupying more than half of the traveled portion of the road without leaving a sufficient space to pass on the west side, without keeping a proper lookout, and without giving any warning of the position thereof, on account of which she drove into the ditch on the east side in an effort to avoid striking the combine and thus she sustained injury and damage.

For answer the defendant alleged that the operation of the combine was being carried out in the most careful and prudent manner available under the circumstances and that there was ample room for plaintiff to have driven her automobile and to pass the combine without collision. Further answering, the defendant alleged that plaintiff was driving her automobile at a high and excessive rate of speed; that she did not have it under proper control; that she did not keep a reasonable lookout for other persons and vehicles who might have been on the highway; that her rate of speed was so high that she could not stop within the range of

her vision; and that the accident was caused by her negligence and carelessness in these respects.

The affirmative allegations of the answer were by reply denied by the plaintiff.

The first point in the assignments of error is directed to instruction No. 2 given by the court. The objection is that while the instruction contains rather fully the plaintiff's claims as to the negligence of defendant it fails to contain a specification of the allegations of negligence and contributory negligence charged against the plaintiff in the answer, also that nowhere is there to be found a specification of the grounds of negligence charged against the plaintiff.

Since properly this is an objection based on failure to instruct on issues rather than objection to instruction given and that subject is dealt with specifically under two other assignments of error discussion thereof will be deferred and taken up on that basis in proper order.

The second point is directed to instruction No. 5. This point requires consideration no further than to say that no argument in the brief is directed to this instruction. Purportedly under this point instruction No. 4 is discussed but no objection is made to instruction No. 4 in either the motion for new trial or in the assignments of error.

The third point is a criticism of instruction No. 6. It is contended that by this instruction the jury was limited in the consideration of negligence on the part of plaintiff to the question of whether or not there was sufficient room on the highway for plaintiff to have passed the combine to the west. The instruction when read with other instructions and parts of other instructions discloses that the contention is without merit. No such limit was imposed. The question actually submitted in this connection was that of whether or not plaintiff was guilty of negligence in failing to drive her car past the combine by driving along the west side of the highway. The jury was told in instruc-

tion No. 2: "The defendant claims that the plaintiff was guilty of negligence in failing to drive her car past such combine by driving along the west side of such highway."

The fourth point is that in instruction No. 7 the court purported to set out the rules governing the use of the highway under the circumstances as set forth in the statutes but did not set out all of the pertinent provisions. Particular objection is made that no reference was made to section 39-7,108, R. S. Supp., 1947. The provision or provisions of this very lengthy section which it is contended should have been set out by instruction is not indicated in the assignments of error nor in the argument hence this court will not speculate on what is contemplated by the assignment.

The fifth, sixth, and seventh points are that the court failed to instruct that plaintiff was negligent for failure to drive at such rate of speed that she could not stop her car within the range of her vision, that she was under obligation to use due care in observing other vehicles on the highway and was not entitled to insist upon her right of way under all circumstances, and that if the plaintiff had seen or should have seen the vehicle operated by defendant and was driving at such a rate of speed that she could not stop within the range of her vision, she was guilty of contributory negligence as a matter of law.

It is to be observed that these assignments do not depend upon a refusal of the court to give requested instructions but on a failure to instruct in these respects on its own motion.

In dealing with the subject at hand two rules are to be borne in mind. One is that the trial court has the duty to instruct the jury on issues presented by the pleadings and evidence, whether requested to do so or not and a failure to do so constitutes prejudicial error. Hackbart v. Rohrig, 136 Neb. 825, 287 N. W. 665; Yorke v. Seddon, 140 Neb. 101, 299 N. W. 333; In re Estate of Keup, 145

Neb. 729, 18 N. W. 2d 63; Fimple v. Archer Ballroom Co., 150 Neb. 681, 35 N. W. 2d 680.

The other is that where the charge to a jury in a particular respect contains a correct general statement of the law error cannot be predicated on a failure to give a more specific instruction in the absence of a request for a more specific statement. Larsen v. Savidge, 103 Neb. 79, 170 N. W. 353; Hannah v. American Live Stock Ins. Co., 111 Neb. 660, 197 N. W. 404; Bonacci v. Cerra, 134 Neb. 476, 279 N. W. 173; Horn v. Goldberg, 137 Neb. 813, 291 N. W. 493.

It cannot be said that the former rule is applicable to this case unless it can first be said that the court failed to instruct generally on the issue of the negligence and contributory negligence charged against the plaintiff in the answer. We think the court did so generally instruct.

As pointed out the jury was told in instruction No. 2 that the defendant contended that plaintiff was guilty of negligence in failing to drive her car past the combine along the west side of the highway. In instruction No. 8 negligence was defined as follows: "By 'Negligence' is meant the doing of some act under the circumstances surrounding the injury involved, which a man of ordinary prudence would not have done, or the failure to do some act or to take some precaution which a man of ordinary prudence would have done or taken." In the same instruction contributory negligence was defined as follows: "By 'Contributory Negligence' is meant any negligence of plaintiff directly contributing to the proximate cause of injuries for which recover (sic) is sought."

A reasonable interpretation of the instructions is that the jury was told that it was the theory of the defendant that plaintiff was guilty of negligence in failing to pass to the west of the combine and in order to so find they must find that in some manner plaintiff did something in connection with the control and operation of her automobile that a man of ordinary prudence would not have done or that she failed to take some precaution

which a man of ordinary prudence would have done or taken.

The definition of negligence given, in its application to plaintiff, is broad enough not only to cover generally excessive speed, failure of proper control, no proper lookout, and inability to stop within the range of plaintiff's vision but also any other phase of negligence which might have found support in the evidence. It in nowise limited the jury in the consideration of the subject.

If the defendant desired a more specific instruction on this subject, it was his duty under the rules announced to make an appropriate request therefor.

Thus we conclude that there was no reversible error in the giving of instructions or in the failure to instruct in any of the phases mentioned in the assignments of error.

The eighth and ninth points are that the court erred in overruling the motion for a directed verdict and the motion for judgment notwithstanding the verdict. The two must stand or fall together since they both depend upon whether or not there was sufficient evidence of negligence to sustain a cause of action against the defendant, and if so, whether or not the evidence was sufficient as a matter of law to defeat a recovery by plaintiff on account of contributory negligence on her part.

It appears that there was sufficient evidence to sustain a cause of action against the defendant. In Fulcher v. Ike, 142 Neb. 418, 6 N. W. 2d 610, it was said: "The gist of negligence is failure to exercise the care of a reasonable and prudent person under a given set of circumstances." It was also pointed out in that case in the following words that the test of negligence in any particular case is to be made by submission of the evidence to a jury unless the facts in relation thereto are admitted or unless not more than one inference or conclusion may be drawn from the evidence: "The test of negligence is made by submission of the facts, if they are not admitted or if not more than one inference or conclusion may be

drawn from the evidence, to a jury to determine whether or not the person charged with negligence failed to exercise the care, caution and prudence required of a reasonably careful, cautious and prudent person under the given circumstances."

In Thomison v. Buehler, 147 Neb. 811, 25 N. W. 2d 391, it was said: "Where different minds may reasonably draw different conclusions from the adduced evidence or if there is a conflict in the evidence as to whether or not they establish negligence or contributory negligence and the degree thereof when one is compared with the other, such issues must be submitted to a jury."

On the facts it is not disputed that the defendant's employee was approaching the hill from the north on the left side of a highway the traveled portion of which was about 21 feet wide with a combine over 19 feet in width, that the plaintiff came over the hill on her right side of the highway, that she set her brakes at or near the crest of the hill, and slid her wheels to within about 50 feet of the combine when she turned off the highway to the east where her automobile turned over.

There is a dispute as to how much of the traveled roadway was occupied by the combine. There is evidence from which a reasonable conclusion could be drawn that not more than half was occupied and that it was observable to plaintiff in the exercise of ordinary care that there was ample space for her to pass with safety to the west of the combine. From the evidence the contrary conclusion could be arrived at that most of the traveled way was occupied by the combine and that it was not reasonably observable to plaintiff under the circumstances that there was space for her to safely pass to the west.

The evidence of plaintiff is to the effect that in the exercise of ordinary care she did not and could not see the combine until she reached the crest of the hill and that at that time though she was proceeding from 40 to 45 miles an hour it was not possible in the exercise of

ordinary care to bring the automobile to a stop without colliding with the combine or to avoid it without turning to the right off the highway. There is evidence that the combine was about 12 feet high and it is contended that plaintiff could and should have seen it well before she arrived at the crest of the hill. It is clear that the overall height applied only to the elevator which was obviously well to the west or right end of the combine. There was evidence offered by defendant from which a conclusion could be drawn that plaintiff could not have seen the combine until she was about at the crest of the hill. Another son of defendant stated that he was riding on the combine and that his head was about three inches below the top of the elevator and that he did not see the automobile until it was about to the crest of the hill. On the part of defendant there was evidence that plaintiff's speed was about 60 miles an hour as she came into view. The weight of this evidence was proper to be considered in the light of opportunity and time for observation in view of the fact that immediately on the automobile coming into view plaintiff set her brakes. There is no dispute about the fact that defendant failed to give warning of the fact of the position and progress of the combine on the road.

There is no question of the right of the defendant to move this combine on the highway as it was being moved. The question is rather that of whether or not he failed to exercise the care of a reasonably prudent person under the given circumstances to protect the plaintiff in proper use of the highway by her.

The conclusion is that, under the legal principles outlined and the evidence, the question of whether or not defendant was guilty of negligence was one to be determined by a jury.

Is the record such as to require that it be said that plaintiff was guilty of contributory negligence of a kind and a degree which as a matter of law defeats a right of recovery? Defendant contends that it is. Before the

contention may be sustained the evidence must be sufficient to permit the court to say within the meaning of the comparative negligence doctrine that plaintiff was guilty of more than slight negligence. There is no question in this case of the comparative negligence doctrine but only of its application.

As authority for his contention that plaintiff was guilty of contributory negligence in a degree sufficient to defeat a recovery defendant relies on Roth v. Blomquist, 117 Neb. 444, 220 N. W. 572, 58 A. L. R. 1473; Most v. Cedar County, 126 Neb. 54, 252 N. W. 465, and section 39-7,108, R. S. Supp., 1947.

The rule in Roth v. Blomquist, *supra*, relates to driving in the nighttime and is as follows: "As a general rule it is negligence as a matter of law for a motorist to drive an automobile so fast on a highway at night that he cannot stop in time to avoid a collision with an object within the area lighted by his lamps."

The rule in Most v. Cedar County, *supra*, relates to driving in the daytime and is as follows: "It is a general principle that it is negligence as a matter of law for a motorist to drive a motor vehicle on a public highway at such a rate of speed that it cannot be stopped or turned aside in time to avoid an obstruction discernible within the range of his vision ahead and the rule applies to driving in the daytime where vision is shortened by storms or other physical conditions."

The provision of statute to which reference is made is the following: "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing."

It is pointed out in the opinion that the rule in Roth v. Blomquist, *supra*, has its exceptions and in Hardung v. Sheldon, 133 Neb. 427, 275 N. W. 586, it is pointed out that the rule in Most v. Cedar County, *supra*, also has its exceptions. An examination of these three cases discloses that the rules and the exceptions in these re-

spects are substantially the same as regards daytime and nighttime driving.

It has been made clear in the later cases, if indeed it was not already clear, that the rules of Roth v. Blomquist, *supra,* and Most v. Cedar County, *supra,* were never intended to be arbitrary. Their purpose was to remove from the jury the question of negligence and to cause it to be determinable as a matter of law only in those cases where the facts were not in dispute or where they were so conclusive in character that reasonable minds could not differ in relation thereto. It has been made clear in these later cases that in cases where the evidence was seriously in dispute and where reasonable minds might draw different conclusions from the evidence the question of negligence or contributory negligence was not determinable as a matter of law but was for the jury.

In Hardung v. Sheldon, *supra,* a case somewhat similar to this one, it was said: "Where the evidence is seriously in dispute, as here, and where reasonable men might draw different conclusions from the evidence, negligence is a question for the jury."

In Fulcher v. Ike, *supra,* it was said: "The general rule with exceptions, which provides that it is negligence as a matter of law for a motorist to drive an automobile so fast on a highway at night that he cannot stop in time to avoid a collision with an object within the area lighted by the lamps on the automobile, should embrace in the exceptions all situations wherein reasonable minds may differ on the question of whether or not the operator of the automobile exercised the care, caution and prudence required of a reasonably careful, cautious and prudent person under the circumstances of the particular situation."

From an application of the rules set forth, with their exceptions, to the facts and circumstances as disclosed in the light of what a motorist properly using a highway has a right to expect and anticipate in the use of

a highway by others we are unable to say as a matter of law that the plaintiff was guilty of contributory negligence in the premises. We conclude that the question of negligence of defendant and of contributory negligence of plaintiff were properly submissible to a jury.

The remaining question is that of whether or not the court erred in overruling the defendant's motion for a new trial on the ground of misconduct of a member of the jury. This question is not subject to review. The motion was supported by affidavit but the affidavit was not included in the bill of exceptions.

In the case of Dryden & Jensen v. Mach, 150 Neb. 629, 35 N. W. 2d 497, it was said: "This court will not review testimony in the form of affidavits used in the trial court on the hearing of a motion for new trial, unless such affidavits have been offered in evidence and appropriately included in and presented by a bill of exceptions."

The judgment of the district court is affirmed.

AFFIRMED.