212 N.W.2d 352 (1973)
190 Neb. 752
Joseph L. BARTA, Appellant,
v.
George BETZER, Appellee.
No. 38982.
Supreme Court of Nebraska.
November 23, 1973.
*353 Nelson, Harding, Marchetti, Leonard & Tate, Kenneth Cobb, Richard H. Williams, Lincoln, for appellant.
Baylor, Evnen, Baylor, Curtiss & Grimit, Roger M. Beverage, Lincoln, for appellee.
Heard before WHITE, C. J., and SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.
SMITH, Justice.
In a personal injury action arising out of two automobile collisions a jury returned a verdict for defendant George Betzer. Plaintiff, Joseph Barta, appeals. He asserts that the trial court erred (1) in failing to give the jury a peremptory instruction in his favor on the issue of liability and (2) in instructing on Betzer's specifications of negligence against a third person, Delbert Korte. The ground of objection *354 to the latter is insufficiency of the evidence.
The collisions occurred at approximately 9:27 p. m., June 7, 1969, in the intersection of Highways Nos. 136 and 15 in the City of Fairbury. A 1969 Chevrolet Impala 4-door sedan operated by Barta had approached the intersection and stopped in a left-turn lane governed by a stop sign. Delbert Korte, operating a 1962 Dodge Polara 2-door hardtop automobile, had stopped within 3 or 4 feet behind the Chevrolet in the left-turn lane. After a lapse of approximately 30 seconds, a 1966 Buick Electra automobile operated by Betzer, also in the left-turn lane, struck the rear of the 1962 Dodge Polara. As a result of the first collision, the Dodge struck the rear of the Chevrolet.
A further summary of the evidence would be fruitless. The trial court was correct in denying the request of Barta for a peremptory instruction on the issue of liability of Betzer. Respecting the specifications of negligence against Korte, the evidence was also sufficient. The question remains, however, whether we should review other features of the instructions.
At the outset we summarize part of the trial. At a jury-instruction conference the court stated that it had submitted to counsel its intended jury instructions, and specifically inquired whether counsel for Barta objected to any of them. The latter objected to No. 2 relating to each specification of negligence against Korte "for the reason that there is no evidence to support such a finding . . . . Further, object generally to the submission of the issue of negligence of . . . Korte for the reason that it's not proper under the evidence and that there is no evidence to support the same." He also objected to four other instructions which did not include No. 4 and are not the subject of complaint on appeal.
The court stated the case in instruction No. 2 as follows:

"Plaintiff's Claims

"A. ISSUES
". . .

(Defendant's Claims)
". . . (Betzer) further alleges that the sole proximate cause of the accident was the negligence of . . . Korte in one or more of the following respects:. . . proper lookout; . . . reasonable control; . . . speed . . .;. . . appropriate (turn) signal . . . .

"B. BURDEN OF PROOF
". . . the burden is upon plaintiff to prove by a preponderance of the evidence each and all of the following propositions. . . .

"C. EFFECT OF FINDINGS"
Sections B and C of instruction No. 2 are in common form and do not mention Korte. Instruction No. 5 on concurring cause tracks NJI No. 3.42 (1969), including the sentence in parentheses.
Instruction No. 4 reads: "One of the issues in this case is whether the accident was caused by the conduct of Delbert Korte. If you find the sole proximate cause of the accident was the conduct of Delbert Korte, then your verdict should be for the defendant. The burden of proof on this issue is on the plaintiff." See NJI No. 2.01A (1969).
Failure of counsel to object to proposed jury instructions after submission of them to him by the court for review precludes objection on appeal. Haumont v. Alexander, 190 Neb. 637, 211 N.W.2d 119 (1973); See, generally, Comment, 48 Neb. Law Rev. 985 at 994 (1969). Noncompliance by counsel with the requirement however, does not bar this court from opting to consider plain errors in a record indicative of a probable miscarriage of justice. See our Rule 8, subd. a 2(3) (1971); cf. *355 5A Moore's Federal Practice (2d Ed.), par. 51.04, pp. 2507 to 2515 (1971); 9 Wright & Miller, Federal Practice and Procedure, § 2558, pp. 671 to 675 (1971).
Instruction No. 4 in the present case has been approved by us. See NJI No. 2.01A and p. IX (1969). Counsel for Barta ought not to be faulted for lack of objection to it. Furthermore, the questions raised by Barta were close, and the issues sent to the jury were intricate.
Under the circumstances we opt to consider the last sentence of instruction No. 4. Fairly interpreted, it means that Barta possessed the burden of proof that the "sole proximate cause . . . was the conduct of . . . Korte . . . ." It was erroneous and should not have been given. Under some circumstances it may be harmless error. Cf. Albrecht v. Morris, 91 Neb. 442, 136 N.W. 48 (1912); Ecklund v. Willis, 44 Neb. 129, 62 N.W. 493 (1895). Here it was prejudicial.
The judgment is reversed and the cause remanded for a new trial.
Reversed and remanded.