DELLA J. McCREADY, AS THE ADMINISTRATRIX OF THE ESTATE OF DONALD C. McCREADY, DECEASED, APPELLANT AND CROSS-APPELLEE, v. AL EIGHMY DODGE, A PARTNERSHIP, APPELLEE AND CROSS-APPELLANT.
250 N. W. 2d 640

Filed February 23, 1977. No. 40604.

James E. Schneider and James R. Nisley, for appellant.

Murphy, Pederson & Piccolo and LeRoy Anderson, for appellee.

Heard before SPENCER, McCOWN, and NEWTON, JJ., and CANIGLIA and COADY, District Judges.

CANIGLIA, District Judge.

This is an action for the wrongful death of Donald C. McCready. The plaintiff, Della J. McCready, his widow, brings this action as administratrix of his estate, charging the defendant, Al Eighmy Dodge, a partnership, with negligence in the death of her decedent husband in a truck-tree collision on November 10, 1966.

The plaintiff alleges that the defendant negligently repaired the brakes of the truck operated by her decedent, and, after said repair, the defendant should have discovered or known that the truck was using unreasonably large amounts of brake fluid, failed to warn said decedent that the inordinate loss of brake fluid was dangerous, and that the proximate cause of the accident and resulting damage was the negligence of defendant. Defendant generally denied liability and alleged that the plaintiff's decedent was guilty of contributory negligence, and assumed the risk.

A trial to a six-man jury resulted in a verdict for the plaintiff in the sum of $35,992, and judgment was entered on the verdict by the court. Thereafter, the defendant-appellee, filed a motion for judgment notwithstanding the verdict or in the alternative for a new trial. The court overruled the motion for judgment notwithstanding the verdict and sustained the defendant's motion for a new trial on the "basis that in-

struction No. 2 given by the court at the trial of this action is very erroneous."

The plaintiff has appealed from the granting of the defendant's motion for a new trial, assigning as error, among other things, that the court erred in finding that instruction No. 2 was erroneous, in failing to rule that the defendant had waived any error in said instruction No. 2 by reason of its approval of said instruction, and in failing to object to said instruction at the conference on instructions held by the court prior to the time the jury was instructed.

The defendant has cross-appealed, assigning as error the trial court's failure to sustain the defendant's motion to dismiss the action or for a directed verdict in favor of the defendant.

We will discuss the merits of plaintiff's appeal first.

The plaintiff correctly asserts that when a party to a trial has sustained the burden and expense of a trial and has succeeded in securing the judgment of a jury on the facts at issue, he has the right to keep the benefit of that verdict unless there is prejudicial error in the proceedings by which it was secured. Roush v. Nebraska P. P. Dist., 189 Neb. 785, 205 N. W. 2d 519.

The error, if any, in this proceeding is in the giving of instruction No. 2, which was given as follows: "If the plaintiff has failed to establish any one or more of the foregoing numbered propositions by a preponderance of the evidence, your verdict will be for the defendant.

"On the other hand, if the plaintiff has established by a preponderance of the evidence all of the above numbered propositions, then you must consider the defendant's defense.

"In defense to the plaintiff's claim, the defendant alleges that the plaintiff's decedent was negligent himself in one or more of the particulars above enumerated by the defendant, and the plaintiff's decedent assumed the risk of his own injury.

"In connection with the assertion of the plaintiff's

decedent's negligence, the burden is on the defendant to prove by a preponderance of the evidence one or more of its claims of negligence on the part of the plaintiff's decedent.

"In connection with defendant's claim of assumption of risk by plaintiff's decedent, see Instruction No. 4.

"If the defendant has failed to establish *both* (italics added) propositions by the preponderance of the evidence, and the plaintiff has established by a preponderance of the evidence that the defendant was negligent in one or more of the particulars claimed against him by the plaintiff, and that such negligence was . . . ."

The trial court, in sustaining the defendant's motion for a new trial on the basis of the above instruction, referred to that part of the instruction commencing with, "If the defendant has failed to establish *both* (italics added) propositions by the preponderance of the evidence, . . . ." As if to emphasize that part of the instruction, the court penned a line through the word "said" and wrote in longhand the word "both." Then the court added the letter "s" in longhand to the word "proposition," thus changing the reading from "said proposition" to "both propositions." By doing so, the court, in effect, told the jury that the burden was on the defendant to prove *both* (italics added) defenses of contributory negligence and assumption of risk. This amounts to an improper instruction with respect to said affirmative defenses.

We agree with plaintiff's proposition of law that ordinarily the failure to object to instructions after they have been submitted to counsel for review will preclude raising an objection thereafter. Haumont v. Alexander, 190 Neb. 637, 211 N. W. 2d 119; Barta v. Betzer, 190 Neb. 752, 212 N. W. 2d 352; Beveridge v. State, 183 Neb. 406, 160 N. W. 2d 229; Cone v. Beneficial Standard Life Ins. Co., 388 F. 2d 456.

However, noncompliance by counsel with the require-

ment that he object to a proposed jury instruction when it is submitted to him does not bar the court from opting to consider plain errors in a record indicative of a probable miscarriage of justice. See, Barta v. Betzer, *supra;* Rule 8 a 2(3), Revised Rules of the Supreme Court, 1974. Cf 5A Moore's Federal Practice (2d Ed.), par. 51.04, pp. 2507 to 2528 (1975); 9 Wright & Miller, Federal Practice and Procedure, § 2558, pp. 671 to 675 (1971). In Barta v. Betzer, *supra,* it appeared that the plain error in the instruction was present at the time of its submission by the court to counsel for review; in spite of which this court held that noncompliance by counsel with the requirement that objection be made in such a case does not bar this court from opting to consider the plain error, and even if the instruction had been changed at the time it was submitted to counsel for review, still it was within the power and the discretion of the trial court to grant a new trial on the basis of said plain error and the court is not barred from opting to consider said plain error and to grant a new trial to prevent a miscarriage of justice.

We hold, therefore, that the trial court in this case had the power and the authority to correct its errors which it properly did by sustaining the motion for a new trial, and the judgment of the trial court in sustaining the motion for a new trial is affirmed.

The defendant has cross-appealed assigning as error the trial court's refusal to dismiss the action and direct a verdict in defendant's favor or in the alternative, for judgment notwithstanding the verdict for the reason that the plaintiff's evidence was insufficient, as a matter of law, to authorize the court to submit any issue to the jury.

The defendant correctly asserts that it is the duty of the trial court to direct a verdict where the evidence is undisputed or where the evidence, although conflicting, is so conclusive that it is insufficient to sustain a verdict and judgment. Michelson v. Upton, 175 Neb.

743, 123 N. W. 2d 850; Williams v. Watson Bros. Transp. Co., 145 Neb. 466, 16 N. W. 2d 199; Wessel v. City of Lincoln, 145 Neb. 357, 16 N. W. 2d 476; Faulhaber v. Roberts Dairy Co., 147 Neb. 631, 24 N. W. 2d 571; Marston v. Drobny, 166 Neb. 747, 90 N. W. 2d 408; Gotfrey v. Sakurada, 169 Neb. 879, 101 N. W. 2d 470; Ward v. Aetna Life Ins. Co., 91 Neb. 52, 135 N. W. 220.

An examination of the evidence in this case, however, reveals that the evidence is not undisputed, and is not so conclusive that it is insufficient to sustain a verdict and judgment.

The evidence in this case shows that the decedent, on the day of the accident, was operating the truck when it went off the road and was in collision with a tree. It is plaintiff's theory that the brakes had been improperly repaired and, as a result, the decedent was unable to control the truck or stop in time to make a turn, resulting in the accident and death of decedent.

At the trial the defendant adduced evidence that there was no brake failure at the time of the accident, that there was nothing wrong with the master cylinder of the brakes, and that the defendant had repaired the brakes of the truck in accordance with good shop practices common throughout the industry. On cross-examination, plaintiff adduced evidence from one Lonnie Morosic, a mechanic, who testified for defendant as an expert. Morosic testified that at the time he tested the brakes, it was his opinion that they were low on brake fluid. He further testified that in a Dodge truck when you only have an inch clearance from the floor, the braking system is not operating as designed; that it was possible if weather changes were so substantial in the period of about 3 weeks the braking system could disintegrate to a point it involved a leak solely because of the weather; and that the difference in the shading of the brake marks indicated that the brakes were either released or failed.

The plaintiff also adduced evidence from the chief of

police, one Glenn Soss, who checked the brakes at the scene by stepping on the brake pedal and that it went to the floor.

Kenneth R. Feder testified on behalf of the plaintiff that he is the owner and manager of Auto Rescue Service, which provides service to the general public, fleet accounts, and car dealers in the Denver area for any type of road failure. The company runs about 15,000 calls a year. He is a graduate of General Motors School of Technology in Flint, with a Bachelor of Science degree from the University of Utah in Automotive Technology and Industrial Engineering. He worked as a line mechanic. He worked as an assistant service manager prior to starting Auto Rescue Service.

On December 3, 1966, he examined the Dodge truck. The vehicle had 125,400 miles on it.

The truck had hydraulic brakes with vacuum boosters. The loss of hydraulic fluid in this type of system results in the brakes not working. It will not function if it is out of brake fluid.

He noticed on the exterior right wheel fresh hydraulic fluid leakage on the backing plate of the wheel and a long-time build up of fluid, dust, and road dirt. He depressed the brake pedal and observed it went all the way to the floorboard. He checked the master cylinder and there was no fluid in it. The right front brake linings were totally soaked with hydraulic fluid. The drum was badly soaked. There were no broken or loose parts and he checked the wheel cylinder for leakage and found it leaking badly. There was no leakage or breakage in the lines of the entire system including all the wheels.

He removed the wheel cylinder and found a high amount of residue inside the wheel cylinder. He checked the left front wheel and found it okay. There was no leakage in the wheel cylinder. There was a difference in cups on the left side versus the right side and the cups on the left were relatively new and the

cups on the right were not, and were the original cups from the manufacturer.

He added brake fluid to the master cylinder, but couldn't get a buildup of pressure. He blocked off the right side by plugging the line and was able to get full application of brakes. There was nothing wrong with the master cylinder.

The left front wheel cylinder had been reconditioned. Feder stated if you have to recondition one wheel cylinder, experience has shown that once you have created a tight seal on the reconditioned cylinder, if you don't have a comparable tight seal on the other wheel cylinder, the brake fluid will, under pressure, take the path of least resistance and cause the wheel cylinder which has not been serviced or inspected to rupture and you run out of brake fluid. He testified that the usual and customary shop practice in the industry is to check the corresponding wheel cylinder on the same axle. It was his opinion that the practice of repairing one wheel cylinder on the left side without servicing or repairing the wheel cylinder on the opposite side is contrary to good shop practice.

Obviously, a jury could believe from the testimony adduced by the plaintiff that the method of repair of the truck by the defendant was contrary to good shop practice and was negligent. The conflict in the evidence was reconciled by the jury in favor of the plaintiff. The motions to dismiss or for a directed verdict, or for a judgment notwithstanding the verdict, were all properly overruled by the trial court, and the trial court was correct in submitting the case to the jury. The order of the trial court granting the motion for a new trial is affirmed, and the defendant's cross-appeal is dismissed.

AFFIRMED.