NATIONAL BANK OF COMMERCE TRUST & SAVINGS
ASSOCIATION, A CORPORATION, APPELLANT, V. LARRY D.
MITCHELL, JOANN MITCHELL, ADRIAN L.
MITCHELL, AND EVA L. MITCHELL, APPELLEES.

279 N. W. 2d 625

Filed June 5, 1979. No. 42215.

Knudsen, Berkheimer, Endacott & Beam, for appellant.

William W. Griffin, for appellees.

Heard before KRIVOSHA, C. J., CLINTON, and WHITE, JJ., and STANLEY and GITNICK, District Judges.

STANLEY, District Judge.

This is an action on an installment sale contract. On August 10, 1973, defendants, Larry D. Mitchell; his wife, JoAnn Mitchell; and his parents, Adrian L. Mitchell and Eva L. Mitchell, signed an installment sale contract with Harvestgro Irrigation Systems, Inc. This contract involved two Lockwood pivot irrigation systems and accessories. A portion of the cash sale price was financed. On September 26, 1973, the contract was assigned by Harvestgro Irrigation Systems, Inc., to the National Bank of Commerce Trust & Savings Association. There was an eventual default in payments under the contract, and this action was brought to recover the balance

due on the contract from Adrian Mitchell and Eva Mitchell, whose names appeared as cosignors on the contract.

Prior to trial of the matter it was stipulated and agreed between plaintiff, National Bank of Commerce Trust & Savings Association, and defendants, Larry Mitchell and JoAnn Mitchell, that there was due and owing from these defendants the balance due on the installment sale contract. The defendants, Adrian Mitchell and Eva Mitchell, denied they were indebted to the plaintiff; denied they were purchasers of the property described in the contract; and denied they were makers, guarantors, or sureties on the contract. These defendants also interposed the affirmative defenses that the sole reason for their execution of the contract was for the purpose of allowing the seller of the equipment to obtain a perfected security interest in the property sold, and that they received no consideration for their signatures. The jury found for the defendants, Adrian Mitchell and Eva Mitchell. Plaintiff's motion for new trial was overruled and plaintiff appealed.

One of the plaintiff's assignments of error was the trial court's instruction No. 7: "The burden of proof is upon the Plaintiff to establish by a preponderance of the evidence that Defendants Adrian L. Mitchell and Eva L. Mitchell signed the said instrument with the intent to be bound thereon as co-signers with the Defendants Larry D. Mitchell and JoAnn Mitchell. In making that determination you must duly consider the credible evidence tending to establish the claim of Defendants Adrian L. Mitchell and Eva L. Mitchell that they signed the said instrument for the sole purpose of allowing the Plaintiff to obtain a perfect [sic] security interest in the property sold against any claim of Defendants Adrian L. Mitchell and Eva L. Mitchell by reason of the fact that these Defendants owned the real estate upon which said property was to be installed and affixed."

This instruction, with others, was submitted to counsel and was approved by both parties. Defendants contend the correctness of instructions, after they have been submitted to counsel and approved, cannot be considered on appeal in the Supreme Court unless first challenged in the trial court by motion for a new trial. Defendants cite Breiner v. Olson, 195 Neb. 120, 237 N. W. 2d 118. Plaintiff contends there is an exception to this rule and, when the record reflects noncompliance with the requirement that counsel is under a duty to object to proposed jury instructions submitted to him for review, the court may take cognizance of plain error in instructions indicative of a probable miscarriage of justice, citing Barta v. Betzer, 190 Neb. 752, 212 N. W. 2d 352.

Larry Mitchell and JoAnn Mitchell are husband and wife and own a farm in Holt County, Nebraska. Adrian Mitchell and Eva Mitchell are his parents, and they own a farm adjoining that of their son. Sometime during the year of 1967, all of the defendants entered into a purchase contract with William Meusch and his wife to purchase a farm adjoining that of Adrian Mitchell. This was a 10-year contract and had not been paid off by 1973.

On August 10, 1973, two Lockwood 10-tower center pivot systems were purchased from Harvestgro Irrigation Systems, Inc., by the defendants. These were standard size pivot systems and covered approximately 130 acres each. One of these machines operated on approximately 80 acres of the Adrian Mitchell land, and the balance was on the Meusch land. The other machine operated on approximately 100 acres of the Meusch land and 30 acres of the Adrian Mitchell land.

The purchase of the irrigation system was negotiated by Larry Mitchell with Bob Litz, who worked for Harvestgro Irrigation Systems, Inc. Neither Adrian Mitchell nor Eva Mitchell took part in these negotiations. On March 9, 1973, two documents were signed

with respect to the purchase of the equipment. First, a fixtures disclaimer was signed by William Meusch, Elizabeth Meusch, Adrian Mitchell, and Eva Mitchell. Also signed on that day was a statement of disclosure with respect to the financing of the purchase price, and this statement was signed by Larry Mitchell, JoAnn Mitchell, Adrian Mitchell, and Eva Mitchell.

Larry Mitchell, Adrian Mitchell, Eva Mitchell, and Bob Litz were present at the home of Adrian Mitchell at the time the installment sale contract was signed on August 10, 1973. The equipment had actually been delivered and placed in operation approximately the last week in June of 1973. The uncontroverted evidence is that Larry Mitchell told his parents their signatures were necessary in order for the sale to be completed. There is some additional evidence that there was a further explanation of the installment sale contract. Larry Mitchell testified the document was folded over at the time of execution so that the defendants, Adrian and Eva Mitchell, would not actually see the large figures involved.

This being a contract action, plaintiff's prima facie case consists of proof of the execution of a contract, performance, failure to pay, and amount due. Matters involving lack of intent, no legal or valuable consideration, or no interest in the property under a sale contract must be pleaded by a defendant, who thereafter has the burden of proof respecting such issues.

Instruction No. 7 placed the burden of proof upon the plaintiff to establish by a preponderance of the evidence the untruth of the defendants' defenses. This instruction was clearly erroneous, a misstatement of the law, and so prejudicial to the plaintiff that it requires reversal.

It is not necessary to consider plaintiff's other as-

signments of error in view of the court's finding.

REVERSED AND REMANDED FOR
A NEW TRIAL.