SILVEY AND COMPANY, INC., A NEBRASKA CORPORATION, APPELLANT, v. LOUIS G. ENGEL, APPELLEE.

284 N. W. 2d 560

Filed October 23, 1979. No. 42360.

Byron J. Brogan of Galvin & Brogan, for appellant.

Smith, Smith & Boyd, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

This is an action for damages in the District Court for Dakota County as a result of a no-contact accident on May 9, 1976. The case was tried to a jury and the jury returned a verdict in favor of the defendant. The plaintiff appeals. We reverse and remand.

On the 9th day of May 1976, the plaintiff corporation, through its employee, Virgil Schroder, was operating a semitruck, without the trailer attached, southbound on U. S. Highway 77 south of Dakota City, Nebraska, traveling in the same direction as the defendant, Louis G. Engel. Both were following an unidentified slower-moving vehicle. According to the plaintiff's version of the accident, the plaintiff's truck had pulled into the passing lane and had drawn abreast of the defendant's car when the defendant suddenly accelerated and turned into the passing or northbound lane of highway 77, forcing the plaintiff to suddenly and violently apply his brakes. Plaintiff's driver ultimately lost control of the truck, the tires of his semitruck skidded, and the truck left the traveled portion of the highway and entered the east ditch where it overturned, causing substantial damage to the truck. The defendant's version was to the effect that he had pulled into the passing lane prior in time to the plaintiff's truck, and that he accelerated as the truck appeared to be gaining on him. The truck then appeared to apply its brakes, lose control, and go into the ditch.

There are four assignments of error, only one of

which will be discussed in this opinion. The plaintiff-appellant asserts that the court erred in giving instruction No. 12: "You have heard testimony concerning statements allegedly made by a witness prior to this trial which may be inconsistent with his testimony at this trial. This testimony has been admitted solely for impeachment purposes to aid you in estimating the credibility of the witness and to determine the weight to be given to his testimony. *You may consider it for that limited purpose only and not as evidence of the facts declared in the prior statement."* (Emphasis supplied.)

The only out-of-court statements introduced by any party to the action were those of the defendant. In a statement given to State Patrolman Yosten at the scene, the defendant stated: " * * * he started to pass a vehicle and did not see the other vehicle already in the passing lane and at this time he did not have time to return to his lane of traffic and did observe the other vehicle go into the ditch." The witness, Jay Smith, testified that in a conversation with the defendant in response to the question, "How did the accident happen?", the defendant answered: "He had pulled out to pass the car that was in front of him and that as he looked up he didn't see anybody behind him, because apparently the truck was behind him in his blind spot." In a written statement of May 11, 1976, admitted into evidence, the defendant stated: "I was about four car lengths behind the car and ran up to about one car length and pulled out and got completely into the other lane. I was about 3/4 of the way or so out into the left lane when I saw a truck in my outside rearview mirror. He was in the left lane or nearly so and about 3-3 1/2 car lengths behind me. This was the first I even knew he was around."

The trial court excluded from evidence another statement of the defendant by a witness, Charles J. Raymond III, a passenger in the defendant's car.

An offer of proof was made to the effect that: "Mr. Engel or the person who could be identified as the driver of this particular unit would testify he had stated he owed this truck driver his life * * *." Although not assigned as error, the statement of the defendant was obviously admissible. The admissions by a party to an action upon a material matter are admissible against him as original evidence. Scarborough v. Aeroservice, Inc., 155 Neb. 749, 53 N. W. 2d 902.

The instruction given by the trial court did not allow the jury to consider as evidence the facts contained in the defendant's statements. Notably, his version of the accident varied from statement to statement. The error was plain and prejudicial to the plaintiff. It is true that plaintiff's counsel at the instruction conference did not object to the form of the instruction and merely requested the word "witnesses" be deleted and the word "defendant" be included. Plaintiff's counsel, unaware of the error in the court's instructions, may have invited the court to instruct wrongly. It is a rule that this court will not normally consider instructions not properly objected to and raised at a motion for new trial. Breiner v. Olson, 195 Neb. 120, 237 N. W. 2d 118. However, the trial court is under a duty, on its own motion, to correctly instruct on the law and this court may take cognizance of plain error in instructions indicative of a probable miscarriage of justice. Barta v. Betzer, 190 Neb. 752, 212 N. W. 2d 352; Nat. Bank of Commerce Trust & Savings Assn. v. Mitchell, 203 Neb. 634, 279 N. W. 2d 625. Since the plaintiff was prevented from having the jury consider declarations against interest of a party defendant, as evidence in favor of the plaintiff, the cause must be reversed and remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.

CLINTON, J., concurring.

I concur in the opinion directing reversal and new trial. I believe, however, the court should also have

considered an additional assignment of error which also justifies reversal. Should this error recur on the new trial, an appeal may again be required should the defendant obtain the verdict.

The error in question relates to the testimony of the police officer who made the investigation at the accident scene. During cross-examination of that witness, the following occurred: "Q- Did you list a contributing factor on this particular accident report as to the cause of this accident?

MR. BROGAN: I'm going to object to this line of questioning, Your Honor, as invading the province of the jury; it's calling for a conclusion for which there is no proper foundation laid and ask the Court to restrict opposing counsel to (sic) inquiring further into matters which this jury has to decide.

THE COURT: Overruled. He may answer.

MR. BOYD: Would you repeat the question for him, please?

Q- (By Reporter) Did you list a contributing factor on this particular accident report as to the cause of this accident?

A- I did.

Q- What factors, without stating what the — your conclusion or your cause was, what factors lead you to making that statement on the report?

A- My own personal observation of the accident scene.

Q- This would include the skid marks that you testified to, the beginning of them, the length involved, the final resting place of the Silvey vehicle?

A- Yes, sir.

Q- What did you list as a contributing cause of this accident?

MR. BROGAN: Same objection, Your Honor.

THE COURT: Overruled. He may answer.

A- Exceeding safe speed.

Q- For which vehicle?

A- Vehicle number 1."

Immediately before that testimony, the following had been adduced from the witness: "Q- From a practical point of view, do you ever make a determination based on what you observe as to the speed of a particular vehicle involved in an accident?

A- I have on accidents.

Q- Did you on this particular accident?

A- No, sir."

The defendant-appellee defends this "opinion" testimony of this "expert" or "skilled" witness by asserting that it was admissible under the provisions of sections 27-702 and 27-704, R. R. S. 1943, which provide: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." § 27-702, R. R. S. 1943.

"Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." § 27-704, R. R. S. 1943.

The witness, a member of the Nebraska State Patrol, did not see the accident occur. His qualifications were as follows. He had been a member of the patrol for 14 years and had conducted many investigations of highway motor vehicle accidents. In the present case, he observed the position of the vehicles after the accident, made measurements at the accident scene, and took various photographs of the scene and the vehicles involved, including tire marks made by the plaintiff's truck. He also made measurements of the distance from the point where the tire marks began to the front of the truck at the place where it finally came to rest in the borrow pit. He did not measure the skid marks themselves.

The testimony of the officer and the photographs indicate the tire marks were not solid, but of a

"skipping type" caused, in the officer's opinion, by the fact the tractor carried no trailer and no load. The officer also took statements from the operators of the two vehicles, including the statement referred to in the majority opinion.

It is to be observed first of all that the witness did not testify directly as to his opinion as to the rate of speed, nor directly give his opinion that it was a contributing factor. He was permitted to testify as to what he put in his report. I suggest that what went into the report was clearly inadmissible as hearsay. In this instance, it was used to indirectly permit the opinion of the witness as to "contributing cause" to be presented to the jury. It should not have been permitted, for reasons which will be developed.

The witness stated he made no determination of speed. No foundation was laid to qualify him to determine speed from skid marks. Neither were the weight of the truck, the condition of the tires or brakes, nor the degree of friction between the tires and the highway surface in evidence. No attempt was made to qualify the witness to give an expert opinion on the speed of moving vehicles not personally observed by him.

I suggest, first of all, that since the witness testified he made no determination of speed, he was not qualified to express an opinion, either as a lay witness or as an expert, as to the part the speed of the truck played in the causation of the accident. There is nothing whatever to suggest the speed of the truck either exceeded the applicable speed limit, or that its speed was excessive under the then existing circumstances. The speed, whether 30, 40, or 55 miles per hour, is wholly irrelevant as a contributing cause unless it can be said the speed was evidence of negligence. There is not a scintilla of evidence to suggest the speed was in excess of the posted speed limit.

Whether the speed was excessive under the circumstances depended upon other factors not within

the personal knowledge of the officer. Such factors would be the relative location of the two vehicles, their relative speeds, and the relative times they moved into the passing lane. It seems to me that it was plain error to permit the officer, whether as a layman or an expert, to give his opinion, albeit indirectly, as to the speed of the truck.

The commentary to Rule 704, pertaining to opinion on the ultimate issue as contained in N.C.L.E., Evidence, 1975, prepared by Professor G. Michael Fenner, Creighton University School of Law, summarizes the principles and cites the applicable authorities. The summary is as follows: " 'The abolition of the ultimate issue rule does not lower the bars so as to admit all opinions.'[13] If the lay opinion is either not 'helpful' to the trier of fact or not rationally based on the perception of the witness, it will be excluded under Rule 701. If the expert opinion does not 'assist' the trier of fact, it will be excluded under Rule 702. If the probative value of the opinion is substantially outweighed by the danger of prejudice, confusion, needless repetition or delay, it may be excluded under Rule 403. Finally, Rule 705 gives the judge some control over too broad an opinion by giving him the discretion to require that the underlying facts or data be disclosed before the opinion can be given.[14] For example, an opinion as to the negligence of a party[15] would still be excluded, as neither helpful nor of assistance to the trier of fact. In any event, any probative value which such an opinion might have would generally be outweighed by the prejudice and confusion which it would cause."

Although the officer was clearly qualified as an accident investigator, there was no foundation to qualify him as an expert in the reconstruction of accidents from physical and scientific evidence. His opinion was given totally without consideration of the relevant factors previously mentioned. In addition, the testimony was not "helpful," nor did it

"assist" the jury in determining the issue of either negligence or causation. It seems obvious to me that its probative value, if any, is clearly outweighed by the prejudice and confusion it would cause.

If we are to consider the officer merely as a lay witness, his testimony was also inadmissible because it was not "rationally based on the perception of the witness." § 27-701, R. R. S. 1943. Perception in this context means personal observation. See commentary to Rule 701 and authorities there cited. Op. Cit., *supra*.