334 N.W.2d 440 (1983)
214 Neb. 458
Teri L. KEATING, By and Through her father and next friend, Gerald H. KEATING, Appellant,
v.
Joseph F. KLEMISH, Appellee.
No. 82-321.
Supreme Court of Nebraska.
May 27, 1983.
*441 Ronald H. Stave of Stave, Cavel & Coffey, P.C., and Robert F. Peterson of Lydick & Peterson, Omaha, for appellant.
Joseph K. Meusey of Fraser, Stryker, Veach, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., Omaha, for appellee.
BOSLAUGH, McCOWN, and HASTINGS, JJ., BRODKEY, J., Retired, and COLWELL, D.J., Retired.
COLWELL, District Judge, Retired.
Plaintiff-appellant, Teri L. Keating, by and through her father and next friend, Gerald H. Keating, brought suit for personal injuries and damages sustained as a passenger in a one-vehicle accident. Plaintiff alleges gross negligence of defendant, Joseph F. Klemish, the owner-operator. The jury returned a five-sixths defendant's verdict; plaintiff appeals.
The accident occurred about 6:15 p.m. on October 24, 1978, on Wenninghoff Road near Northwest High School, Douglas County, Nebraska; defendant, age 17 years, was driving his 1965 Ford pickup northerly, accompanied by plaintiff, age 15 years, sitting on his right; to her right sat Diane Swigart, age 14 years; next to the right door sat Danny Nichels, age 15 years; and kneeling in the truck box was Kevin Lohr, age 16 years. The road was a winding, dry, concrete surface with white lines on the edge; it was posted for 40 m.p.h. speed; there were five curves; the shoulder of the road was muddy dirt. The truck speed was estimated by defendant and passengers from 40 to 90 m.p.h.; defendant said between 40 and 50 m.p.h., and he admitted to the investigating officer that he was driving northbound on Wenninghoff Road, exceeding a safe speed, when his vehicle went off the road into the mud. As the truck neared the fifth, and sharpest, curve, marked with a warning sign, defendant decreased speed; the right wheels of the truck slipped off the roadway onto the muddy shoulder. In attempting to return the truck to the traveled surface, defendant could not control the truck and it rolled over. The distance from the point of leaving the roadway to the wrecked truck was about 432 feet. The engine was severed from its mountings, and the truck bed was loosened from the chassis. Plaintiff suffered and incurred serious personal injuries, medical expenses, and other damages. *442 None of the passengers complained about defendant's driving, and they were not concerned about their personal safety until the wheels of the truck left the roadway.
Plaintiff's two principal assignments of error are the giving of instruction Nos. 4 and 8, arguing that these instructions were both confusing to the jury and a misstatement of the law.
Instruction No. 2 (NJI 2.02 A) was a statement of the claims, defenses, and issues of the lawsuit. Particularly, plaintiff charged four allegations of gross negligence: (1) excessive speed, (2) failure of reasonable control, (3) failure to keep a proper lookout, and (4) driving on the roadway shoulder. The jury was advised that defendant admitted the accident occurred but that he denied plaintiff's allegations of gross negligence.
Instruction No. 4 (NJI 2.02 B) required plaintiff to prove four propositions, which we briefly state: (1) gross negligence, (2) proximate cause, (3) damages as a proximate result, and (4) amount of damages. Plaintiff objects to proposition (1), "That the defendant was grossly negligent in one or more of the particulars charged against him in Instruction No. 2, and in accordance with Instruction No. 8," claiming that the referenced instruction No. 8 recites a contrary rule.
Instruction No. 8 (NJI 7.51) provides: "`Gross negligence' within the meaning of the automobile guest statute is great and excessive negligence, or negligence in a very high degree. It indicates the absence of even slight care in the performance of a duty.
"Plaintiff has claimed that the defendant was guilty of several acts of negligence which caused the accident. In this respect, no one act is to be segregated and weighed separately to determine whether or not it constituted gross negligence. Instead, the several acts are to be considered as a whole."
Plaintiff contends that instruction Nos. 4 and 8 confused the jury as evidenced by its inquiry, exhibit A, directed to the judge, "Please reconcile Instruction No. 8 Paragraph 2 `no one act is to be segregated and weighed separately [sic] to determine ____, to # 1 of No. 4 `one or more' as related to the Nos. 1 through 4 of instruction # 2." The trial judge responded to exhibit A with supplemental instruction No. 2: "Instructions 4 and 8 are to be construed together and with the other instructions. In any case involving a claim of gross negligence, whether gross negligence exists depends on the facts and circumstances. One act of negligence may or may not constitute gross negligence depending upon circumstances. Some of the circumstances which may be considered are the other negligent acts, or any one of them, if found to exist." (Emphasis supplied.)
Ordinarily, the failure to object to instructions after they have been submitted to counsel for review will preclude raising an objection on appeal, unless there is plain error in the record indicative of a probable miscarriage of justice. See Barta v. Betzer, 190 Neb. 752, 212 N.W.2d 352 (1973).
At the close of the evidence an instruction conference was held, attended by counsel. No objection or substitute instruction was made or offered to either instruction Nos. 2, 4, or 8. The briefs indicate that counsel were present when supplemental instruction No. 2 was prepared, and no objections were made.
"A series of acts of ordinary negligence combined may, under certain circumstances, operate to produce gross negligence." Thompson v. Edler, 138 Neb. 179, 182, 292 N.W. 236, 238 (1940).
"`It is apparent that no one act of the defendant can be separated from the whole of these acts and held to be the independent cause of the accident. Under these circumstances, each act is not to be segregated and weighed separately to determine whether or not it constituted gross negligence. The several acts are to be considered as a whole. While each of several acts, standing alone, may not exceed the bounds of ordinary negligence, yet, taken together, they may establish gross negligence. In such cases, it is for the jury to determine whether a *443 defendant is guilty of gross or ordinary negligence....'" Smith v. Damato, 172 Neb. 811, 815, 112 N.W.2d 21, 24 (1961); Demont v. Mattson, 188 Neb. 277, 196 N.W.2d 190 (1972); Carley v. Meinke, 181 Neb. 648, 150 N.W.2d 256 (1967).
Jury instructions should be considered as a whole, and the meaning of an instruction or instructions, when taken as a whole, must be considered, and not just the phraseology of a particular part. Cooper v. Hastert, 175 Neb. 836, 124 N.W.2d 387 (1963).
When we apply the foregoing authorities to the complained instructions, we find instructions No. 2 tells the jury of plaintiff's four allegations of gross negligence; this is followed by instruction No. 4(1), imposing upon the plaintiff the burden to prove one or more of her allegations of gross negligence. However, the court recognized that there was some evidence supporting each allegation and those acts could not be separated, thus the rule in Smith v. Damato was applicable, requiring the giving of instruction No. 8. Whatever lack of understanding the jury may have had concerning instruction Nos. 2, 4, and 8 was explained by supplemental instruction No. 2. Considering the instructions as a whole, there was no error. Further, counsel failed to object to any instruction.
Next, plaintiff asserts error that the court refused a proposed instruction to determine as a matter of law (NJI 2.08) that (1) defendant was operating his vehicle in excess of the speed limit, (2) defendant was operating his vehicle in excess of a safe speed, (3) defendant lost control of the vehicle, and (4) defendant operated his vehicle on the shoulder of the road, contrary to law. There was some conflict in the evidence on all of these issues, and they were all fact questions for the jury. Plaintiff particularly urges that defendant's statement to the investigating officer, that he was exceeding a safe speed was a judicial admission.
"`A judicial admission is a formal act done in the course of judicial proceedings which is a substitute for evidence, thereby waiving or dispensing with the production of evidence by conceding for the purpose of litigation that the proposition of fact alleged by the opponent is true.'" Vermaas v. Heckel, 170 Neb. 321, 325, 102 N.W.2d 647, 652 (1960). Defendant's statement to the officer was not a judicial admission.
Lastly, plaintiff claims that the five-sixths jury verdict was void because supplemental instruction No. 2 was a resubmission of the case to the jury and that the jury verdict was thereafter returned before the elapse of 6 hours, contrary to Neb.Rev.Stat. § 25-1125 (Reissue 1979). No authority is cited. The case was submitted to the jury on March 10, 1982, at 11:40 a.m.; the jury question, exhibit A, is dated 3-11-82, 11:15 a.m.; the time of delivery of supplemental instruction No. 2 is not shown; the time that the jury deliberated together on March 11 is not shown; the jury reconvened on March 12, 1982, at 9 a.m., and the verdict was returned 1 hour later. We do not get to the claimed error, since the record before us is incomplete and fails to show the time of deliberation that followed supplemental instruction No. 2.
It is noted that in Cartwright and Wilson Constr. Co. v. Smith, 155 Neb. 431, 442, 52 N.W.2d 274, 281 (1952), it was held that the length of time devoted to meals "while the jurors are deliberating upon their verdict cannot be shown for the purpose of proving that they did not deliberate for the prescribed length of time."
AFFIRMED.