DONNIE P. POOL, APPELLEE, V. ARTHUR ROMATZKE ET AL., APPELLANTS.

131 N. W. 2d 593

Filed December 4, 1964. No. 35709.

Ivan A. Blevens, for appellants.

Stewart & Stewart and Dier & Ross, for appellee.

Heard before WHITE, C. J., CARTER, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ., and ROBERT L. SMITH, District Judge.

SPENCER, J.

This is an action by Donnie P. Pool, plaintiff and appellee, hereinafter referred to as plaintiff, against Arthur Romatzke, defendant and appellant, hereinafter referred to as defendant, to recover for damages sustained allegedly because of the negligent operation of defendant's automobile. Although there were other parties to the action in the district court, the contesting parties in this court are the plaintiff Donnie P. Pool and the defendant Arthur Romatzke. The cause was submitted to a jury, which returned a verdict for the plaintiff. Defendant, after the overruling of his motion for judgment notwithstanding the verdict or in the alternative for a new trial, perfected an appeal to this court.

The defendant, his two sons, and his father-in-law were hunting on a county east-west dirt road about 8 3/10 miles north and 7/10 of a mile east of Overton, Nebraska, in the early afternoon of Saturday, October 24, 1959. The party had driven into a driveway or lane leading to an abandoned farmstead which opened onto this road from the south. The day was clear, visibility was good, and the road was dry. The general area was hilly. The farm driveway was 4 6/10 feet lower than the crest of the hill to the west, which was 163½ feet from the center of the driveway. The crest of the hill is a plateau not over 50 feet in length. Traffic approaching from the west cannot see the farm lane until it reaches the top part of the hill.

The defendant backed his station wagon north out of the farm lane onto the east-west road after he and his party had hunted the farmstead area. The testimony of the defendant's witnesses is substantially that the defendant backed across to the north side of the east-west road, stopped his station wagon, put it in drive, and

started to move forward to the east. When the plaintiff's car came over the crest, the testimony of the defendant's witness is that the defendant's station wagon had moved forward approximately a foot and then was stopped. At that time, they testified there was a clearance space of approximately 12 to 13 feet south of the station wagon. There was no contact between the vehicles. The plaintiff's car took the borrow pit on the south side of the road, passed the defendant's station wagon, ran up over the driveway, and out into a field east of the farm lane.

Plaintiff's evidence is to the effect that as soon as his car came up onto the crest of the hill where he could see to the east, he saw the defendant's station wagon in the center of the road 35 feet away, backing up the hill toward him. There was no room to pass on either side, so he took the ditch to avoid hitting the station wagon. At the time he approached the crest of the hill, he was traveling 40 to 45 miles an hour. He had no recollection of what happened after he took the ditch. The distance from the crest of the hill to where the plaintiff's car left the roadway ditch was 181 feet. The plaintiff's car ended up in a field approximately 29 feet south of the roadway.

Plaintiff testified that about 2 months after the accident, he had a conversation with the defendant about it. On that occasion the defendant told him that at the time plaintiff came over the hill, "he was backing up that hill, and he said, 'I guess I—' he said, 'I thought I saw some pheasants;' he was backing up the hill."

Defendant's several assignments of error may be grouped into two categories: First, plaintiff was guilty of negligence as a matter of law, which precludes any recovery herein; and, second, the instructions of the court were prejudicially erroneous in several particulars. It is apparent that there is a serious disagreement between the parties on all material questions of fact, so that a jury question was presented unless the plaintiff

was guilty of negligence more than slight as a matter of law.

Defendant relies heavily on Most v. Cedar County, 126 Neb. 54, 252 N. W. 465, in which we said: "It is a general principle that it is negligence as a matter of law for a motorist to drive a motor vehicle on a public highway at such a rate of speed that it cannot be stopped or turned aside in time to avoid an obstruction discernible within the range of his vision ahead and the rule applies to driving in the daytime where vision is shortened by storms or other physical conditions." In that case, plaintiff, while operating a motorcycle in the daytime to the west over the crest of a hill, collided with a county road maintainer which was coming up the hill to the east. The evidence was uncontradicted that it was necessary to operate a maintainer on the left side of the road in the face of oncoming traffic. The court found that it was the duty of the county to maintain the road; that the equipment used was suitable for that purpose; that it was necessary that the equipment be operated in the direction of the oncoming traffic; that there was ample room for the plaintiff to have passed the maintainer on its south side at a safe place; and found that there was no actionable negligence on the part of the county, and that the negligence of the plaintiff was the proximate cause of the accident and the resulting injuries.

A case more nearly in point on the facts with those of the instant case is Thurow v. Schaeffer, 151 Neb. 651, 38 N. W. 2d 732, in which we held: "The general rule with exceptions, which provides that it is negligence as a matter of law for a motorist to drive an automobile so fast on a highway that he cannot stop or turn aside in time to avoid an obstruction discernible within the range of his vision ahead, should embrace in the exceptions all situations wherein reasonable minds may differ on the question of whether or not the operator of the automobile exercised the care and prudence required of a reasonably careful and prudent person under

the circumstances of the particular situation." We also said in that case: "Where different minds may reasonably draw different conclusions from the adduced evidence or if there is a conflict in the evidence as to whether or not it establishes negligence or contributory negligence and the degree thereof when one is compared with the other, such issues must be submitted to a jury."

Thurow v. Schaeffer, *supra,* involved a combine on the wrong side of the road and an automobile driving over the crest of the hill where the combine could not be seen until the crest was reached. There was no direct collision, but the plaintiff's automobile turned over in avoiding the combine. In that case, we held that the rule of stopping within the range of vision ahead is not an arbitrary one and is subject to certain exceptions which are substantially the same as regards daytime and nighttime driving, and held the question of plaintiff's negligence to be one for the jury.

For the purpose of defendant's motion for judgment notwithstanding the verdict, we must assume that the defendant's station wagon was 35 feet in front of the plaintiff in the center of the road, and was backing up toward the crest of the hill when the plaintiff came over the crest; that there was insufficient clearance on either side of the station wagon; and that it was necessary for the plaintiff to take the ditch if a collision was to be avoided. Because of the similarity of the factual situation involved, Thurow v. Schaeffer, *supra,* rather than Most v. Cedar County, *supra,* is controlling herein. The trial court correctly overruled defendant's motion for judgment notwithstanding the verdict. The question of the negligence of the defendant and of the contributory negligence of the plaintiff and the degree thereof when one is compared with the other, were all questions to be submitted to the jury under proper instructions.

In instruction No. 1, the trial court described the nature of the action; the fact that plaintiff had sued the

defendant; and that the plaintiff claimed the defendant was negligent in the operation of his motor vehicle "in various particulars which may be summarized as follows," and then sets out five specifications of acts of negligence charged against the defendant. The court then disposed of the defendant's answer in the following paragraph: "The defendant Arthur Romatske (sic) admits that he was on the county road as claimed by the plaintiff on said day; denies that he was negligent in any manner; and claims that if the plaintiff's car was damaged and the plaintiff was injured that the accident resulted because of the negligence of the plaintiff at the time and place in question."

The defendant's answer, after a general denial, sets out the defendant's version of the facts in great detail, alleging that the accident was caused solely and proximately by the negligence of the plaintiff, and then alleged: "* * * which said acts of negligence were as follows, to-wit:

"(a) Driving at a high, negligent and dangerous rate of speed on a dirt and gravel road, to-wit: 60 miles per hour.

"(b) By driving his said automobile at a rate of speed in excess of the rate at which said vehicle could be stopped within the range of vision of objects in front of plaintiff on said highway.

"(c) By losing control of his said automobile as he crested the knoll above described.

"(d) By failure to have his automobile under control.

"(e) By failure to reduce the speed of his said automobile when approaching and cresting the knoll.

"(f) Failure to maintain a proper lookout.

"(g) Failure to observe other objects on the highway, within his assured, clear vision.

"(h) That plaintiff drove his automobile in such a manner as to indicate a willful and careless disregard for his own safety."

Nowhere in the instructions was the jury told which

acts of the plaintiff the defendant considered to be negligent. Nor was the jury in any way apprised of defendant's theory of defense as detailed in his answer. What we said in Ripp v. Riesland, 176 Neb. 233, 125 N. W. 2d 699, is applicable herein: "It is the duty of the trial court, without request, to submit to and properly instruct the jury upon all the material issues presented by the pleadings and the evidence.

"It is the uniform and proper practice in this state that where specific acts of negligence are charged and supported by the evidence, the trial court instructs as to the specific acts so alleged and supported. The failure to do so, whether or not requested to do so, is error."

Evidence was adduced which, if believed by the jury, would sustain some of the defendant's specifications of negligence. These, therefore, were material issues which the defendant was entitled to have properly presented to the jury. We determine that the instructions of the trial court did not adequately present the defendant's theory of the case to the jury, and that the failure to do so constituted prejudical error.

Defendant attacks several portions of instruction No. 5 given by the trial court. We deem it necessary to refer only to the inclusion in the instruction of the third paragraph which sets out statutory provisions governing the parking of a vehicle on the highway. That portion of the instruction covering the parking of a vehicle on the highway is not applicable to the facts adduced herein. The testimony adduced on behalf of the defendant is either that the defendant's station wagon was moving slightly forward or stopped suddenly because of the emergency created by plaintiff's car coming over the crest of the hill. It was plaintiff's testimony that defendant's station wagon was backing up the hill when he observed it. The inclusion of the element of parking on the highway in the instruction could have been confusing and is erroneous.

For the reasons given, the judgment of the district

court is reversed and the cause is remanded with directions to grant a new trial.

REVERSED AND REMANDED.