ALLIANCE TRACTOR & IMPLEMENT COMPANY, A CORPORATION DOING BUSINESS AS CROWN MANUFACTURING COMPANY, APPELLANT, V. LUKENS TOOL & DIE COMPANY, A CORPORATION, APPELLEE.

260 N. W. 2d 193

Filed November 30, 1977. No. 41148.

Wright & Simmons, for appellant.

Nichols, Meister & Winner, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

McCOWN, J.

This appeal involves an action for damages for breach of warranties contained in a contract to manufacture, sell, and deliver a machine for the manufacture of hayrake teeth. The jury returned a verdict for the plaintiff-buyer in the sum of $34,831.32. The District Court granted defendant's motion for new trial and the plaintiff has appealed.

This is the second appearance of this case in this court. The factual background is set out in Alliance Tractor & Implement Co. v. Lukens Tool & Die Co., 194 Neb. 473, 233 N. W. 2d 299. Originally the action was for specific performance of the contract but was

amended at trial to an action for damages for breach of contract based on breach of warranties. The initial case was tried to the court without a jury. The trial court found that the defendant had substantially performed the contract, and that there was no breach of warranty, and entered judgment against the plaintiff and in favor of the defendant for the balance due on the contract, including modifications. The plaintiff appealed that judgment to this court. This court determined that the defendant had not substantially performed the contract and that, instead, the evidence established a breach of the warranties of the contract as to quality of teeth produced and rate of production. This court also held that the plaintiff had not accepted the machine as being in compliance with the warranties and that plaintiff had not waived the strict conditions of the warranties. This court then reversed the judgment and remanded the cause for a new trial.

Upon remand, on motion of the plaintiff for summary judgment, the District Court entered a partial summary judgment against the defendant on the issue of liability for breach of the warranties in the contract and set the case for trial on the issue of damages. The issue of damages was tried to a jury and the jury returned a verdict for the plaintiff in the sum of $34,831.32. Defendant filed a motion for new trial. The grounds for the motion included error as to the proper measure of damages, errors in admission of evidence as to improper matters of damage, and errors in instructions as to the proper measure of damages. The court granted the defendant's motion for new trial without stating specific grounds for that action. This appeal followed.

Errors sufficient to cause the granting of a new trial must be errors prejudicial to the rights of the unsuccessful party. The ruling of the District Court on a motion for new trial is subject to review in this court. Whether the decision was to grant a new trial

or deny one, the questions before this court are: Did the alleged error or errors appear in the record; were they called to the attention of the trial court by the motion; and do they constitute prejudicial error to the party complaining? The District Court has the power and is required to consider and determine motions for a new trial by the exercise of its sound judicial discretion. Roush v. Nebraska P. P. Dist., 189 Neb. 785, 205 N. W. 2d 519.

This case is governed by the provisions of the Uniform Commercial Code. Section 2-601, U. C. C., provides that if the goods or the tender of delivery fail in any respect to conform to the contract, the buyer may either reject or accept the goods.

Section 2-602, U. C. C., provides that rejection of goods must be within a reasonable time after their delivery or tender, unless the buyer effectively and seasonably notifies the seller. After rejection, any exercise of ownership by the buyer is wrongful as against the seller.

Section 2-606, U. C. C., provides in part that after a reasonable opportunity to inspect the goods, acceptance of the goods occurs when the buyer signifies to the seller that the goods are conforming, or that he will take or retain them in spite of their nonconformity, or fails to make an effective rejection.

Section 2-607, U. C. C., provides that acceptance of goods by the buyer precludes rejection of the goods accepted, and if made with knowledge of a nonconformity cannot be revoked because of it unless the acceptance was on the reasonable assumption that the nonconformity would be seasonably cured, but acceptance does not of itself impair any other remedy of the buyer for nonconformity.

Section 2-714, U. C. C., provides that the measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, un-

less special circumstances show proximate damages of a different amount. That section also provides that in a proper case incidental and consequential damages may also be recovered.

The evidence in this case establishes that from the time the machine was delivered and installed in April 1972, the plaintiff asserted its right to ownership, possession, and control of the machine. Although initial retention of the machine was on the assumption that any nonconformity with the warranties would be seasonably cured, it is clear that the plaintiff took and retained the machine in spite of its nonconformity at some time before the date of the first trial in May 1974. The plaintiff filed a replevin action and recovered possession of some of the equipment from the defendant in October 1973. By November 1973, plaintiff's pleading in this case establishes that it had taken and held possession of the machine; that it was still nonconforming; and that plaintiff had not made or attempted to make an effective rejection of the nonconforming machine. There was an acceptance of the machine in spite of its nonconformity, and that acceptance occurred at some point prior to the first trial in May 1974, but the jury was not instructed to determine any date or fact as to acceptance of nonconforming goods. The jury was not instructed as to what constituted acceptance of nonconforming goods, nor that the measure of damages for breach of warranty is the difference *at the time and place of acceptance* between the value of the goods accepted and the value they would have had if they had been as warranted. Instead, the jury was instructed that the difference in market value of the equipment should be determined based upon the contract delivery date of December 1, 1971, or the date to which that delivery date was waived.

The jury was also instructed that only expenses and damages incurred after the delivery date could be recovered by plaintiff. Plaintiff's evidence of

damage extended from December 1, 1971, to April 15, 1974, the approximate time of the first trial, and the jury apparently accepted it. After acceptance of nonconforming goods, the measure of damages is not altered by a delay in filing suit or a delay of trial. The measure of damages for breach of warranty depends on the date of acceptance of the nonconforming goods and not upon the date of trial.

The plaintiff introduced evidence that the reasonable rental value of the building space set aside for the installation and operation of the machine was $237.50 per month. · That amount was claimed for a period of 29 months from December 1, 1971, to April 30, 1975. The space required for the operation of the machine was approximately half of the space in the building. The building was leased to the plaintiff under a long-term lease, and plaintiff paid rent of $75 per month for the entire building. The jury was not instructed as to the proper measure of damage on those facts. It is, of course, the duty of the trial court to instruct the jury on the proper basis and measure of damages. Main v. Sorgenfrei, 174 Neb. 523, 118 N. W. 2d 648; Duplex Manuf. Co. v. Atlas Leasing Corp., 180 Neb. 851, 146 N. W. 2d 205. Under the circumstances present here there were sufficient grounds to support the action of the District Court in granting a new trial and the court did not abuse its discretion in doing so.

The defendant also complains that plaintiff's counsel repeatedly referred to the former opinion of this court in the presence of the jury and that such action was prejudicial to the defendant. Hopefully it will not be necessary for counsel on either side to refer to either the former or the present opinion of this court in the presence of the jury upon any retrial of the case.

The action of the District Court is granting the motion for new trial was correct and is affirmed.

AFFIRMED.