MICHAEL A. ENYEART, APPELLANT, v. STEVEN P. SWARTZ, APPELLEE.

331 N.W.2d 513

Filed March 18, 1983. No. 82-073.

Jeffrey A. Silver, for appellant.

Jerry J. Milner of Grimminger, Milner & Lamberty, for appellee.

KRIVOSHA, C.J., WHITE, and CAPORALE, JJ., and BUCKLEY, D.J., and COLWELL, D.J., Retired.

BUCKLEY, D.J.

This action results from a motor vehicle accident on September 7, 1978, at the intersection of Eddy and West Fourth Streets in Grand Island, Nebraska. Plaintiff-appellant, in his petition, and defendant-appellee, in his counterclaim, alleged damages resulting from the other driver's negligence. Neither party alleged contributory negligence as an affirmative defense.

Trial was had to a jury, which found against both parties on their respective claims. Defendant filed a motion for a new trial, which was sustained, and from that order plaintiff appeals.

Plaintiff was operating an automobile and the defendant a motorcycle. Plaintiff was proceeding north on Eddy Street and was attempting a left turn in the intersection when the defendant, proceeding in the opposite direction on Eddy Street, collided with him. Neither driver saw the other before the collision. It was between dusk and dark at the time and the evidence varied as to the need to have headlights on. Plaintiff's headlights were on; whether defendant's headlight was on was in conflict. Issues of negligence as to reasonable control and proper lookout were properly submitted to the jury.

Although the trial court did not specify its reasons for granting a new trial, both parties concede by their briefs and oral arguments that the only apparent issue is whether the jury was adequately instructed as to right-of-way.

Defendant's allegations of plaintiff's negligence included the charge that plaintiff failed to yield the right-of-way. Right-of-way is defined in the statutory Nebraska Rules of the Road as "the right of one vehicle or pedestrian to proceed in a lawful manner in preference to another vehicle or pedestrian approaching under such circumstances of direction, speed, and proximity as to give rise to danger of collision unless one grants precedence to the other." Neb. Rev. Stat. § 39-602(80) (Reissue 1978).

Further, Neb. Rev. Stat. § 39-636 (Reissue 1978) provides that "The driver of a vehicle who intends to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or approaching so close as to constitute an immediate hazard."

The trial court did instruct the jury that the defendant charged the plaintiff with the specific act of negligence in failing to yield the right-of-way, and it did submit the standard instruction on lookout and reasonable control, which advises the jury that a motorist has a duty to keep a proper lookout and watch where he is driving, even though he has the right-of-way. However, the instructions did not define right-of-way, nor did they submit the left turn statutory rule of the road embodied in § 39-636, nor did they instruct the jury in any other manner as to the rights and duties of a motorist intending to make a left turn at an intersection.

It is the uniform and proper practice in this state that where specific acts of negligence are charged and supported by the evidence, the trial court instructs as to specific acts so alleged and supported.

The failure to do so, even though not requested, is error. *Pool v. Romatzke,* 177 Neb. 870, 131 N.W.2d 593 (1964); *Herman v. Midland Ag Service, Inc.,* 200 Neb. 356, 264 N.W.2d 161 (1978). The instructions given were wholly lacking in any advice to the jury as to what facts and circumstances would entitle either party to the right-of-way. They provided no guidance to the jury to determine which party had the right-of-way over the other as they approached and entered the intersection. The failure to so instruct is clearly prejudicial error.

Plaintiff, however, contends that even if the court should have so instructed, no request for any instructions was made by defendant at the instruction conference and, therefore, he cannot object now. The trial court did hold an instruction conference at which each of the instructions given were reviewed. The court neither invited nor did counsel tender any requested instructions. Counsel for defendant in his brief claims that he requested the statutory left turn instruction prior to the instruction conference, but there is no record of it.

It is true that, ordinarily, a failure to object to instructions after they have been submitted to counsel for review will preclude raising an objection thereafter. *McCready v. Al Eighmy Dodge,* 197 Neb. 684, 250 N.W.2d 640 (1977). However, in that case we also said that such noncompliance by counsel does not bar this court from opting to consider plain errors in a record indicative of a probable miscarriage of justice. In addition thereto, we do not intend to abrogate the long-standing rule that it is the duty of the trial court, whether requested to do so or not, to submit to and properly instruct the jury on all material issues presented by the pleadings and supported by the evidence. This fundamental duty of the trial court has not been altered by our rule adopted in 1969, which formalized the trial court's instruction conference. *Herman v. Midland Ag Service, Inc., supra; Pool v. Romatzke, supra.*

Here, the instructions given were correct as far as they went. Therefore, it was not defendant's failure to object to the instructions given but the trial court's failure to adequately instruct that requires a new trial.

The trial court's order sustaining defendant's motion for new trial was correct and should be affirmed. We also note that the trial court did not instruct the jury on comparative negligence. If, upon retrial of the case, the issue of both plaintiff's and defendant's negligence is submitted to the jury, the comparative negligence instruction should be given.

AFFIRMED.