DELBERT L. BISHOP, APPELLEE, v. FARM BUREAU LIFE INSURANCE COMPANY, A CORPORATION, APPELLANT.

421 N.W.2d 423

Filed April 1, 1988.   No. 86-141.

Marvin O. Kieckhafer of Kay and Kay, for appellant.

J.L. Zimmerman of Atkins Ferguson Zimmerman Carney P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

This is an appeal from the district court for Perkins County. The appeal arises out of an action brought by plaintiff-appellee, Delbert L. Bishop, against defendant-appellant, Farm Bureau Life Insurance Company. Bishop is seeking recovery of

approximately $11,000 under a health insurance policy issued by Farm Bureau for medical expenses incurred as a result of medical care furnished to his wife, Lois Bishop. The expenses related to Mrs. Bishop's undergoing a mastectomy of her left breast on or about July 18, 1983.

Plaintiff's petition alleged, and defendant's answer admitted, that Farm Bureau issued a policy of health insurance to the Bishops effective June 1, 1983. There is also no dispute that the policy included health care coverage for Lois Bishop. Following receipt of a request for benefits payable under the policy, Farm Bureau denied coverage for the mastectomy-related claims and made no payments.

Farm Bureau's answer raised two affirmative defenses, one relating to a policy provision relating to preexisting conditions, and the second alleging certain misrepresentations and omissions of medical history on the part of the Bishops. Farm Bureau also counterclaimed, seeking reformation of the policy to reflect a rider provision excluding coverage for disease or disorder of the breasts.

Trial on this matter was to a jury. At the close of the evidence, plaintiff requested the court to direct a verdict in favor of plaintiff, arguing that defendant had not proved the defenses alleged in its answer. The court sustained the motion in part, holding that the defendant had not established that there was a preexisting condition. However, the court overruled the motion in part and instructed on the second affirmative defense, that of misrepresentation of fact in the application. The court further dismissed the cross-petition. The jury returned a verdict in favor of Bishop in the amount of $10,999, and judgment was entered accordingly. Farm Bureau appeals.

Appellant assigns two errors. First, it alleges that the trial court erred in instructing the jury regarding the elements necessary to prove the appellant's defense based on misrepresentation of facts on the insurance application. Specifically, Farm Bureau argues that proof that the misrepresentation was made with "intent to deceive" is not necessary to avoid the policy.

Farm Bureau's second assigned error alleges that the trial court erred in failing to give the following instruction submitted

by appellant: "When a person applying for insurance makes an untrue statement or omission with respect to a material fact peculiarly within his or her knowledge, the jury may, from the mere occurrence of the false statement or omission, conclude that it was made knowingly with intent to deceive."

A brief summary of the facts relating to the alleged misrepresentations seems in order at this point. Bishop had a health insurance policy with National Health when he purchased the Farm Bureau policy. He testified that he decided to change his coverage to a policy with less deductible because "I decided with our boys growing up and possibility of going to be more activities and on the road more . . . the deductible [on the National Health policy] was a little more than I felt we maybe should risk."

On May 12, 1983, the Bishops met with a Farm Bureau agent in their home and completed an application for group health insurance. The 1-page application contained 20 questions which were asked of the Bishops and the answers to which were recorded by the agent in the spaces provided.

The question and answer at issue in this litigation are as follows: "Have you or any person applying for this insurance: . . . 19. Consulted any physician, been advised to have medical treatment or been hospitalized in the past 5 years?" As to Lois Bishop, the following answer was recorded by the agent: "[x] Yes . . . . Bronchitis - medication - no remaining effects, wintr [sic] 81 & 82, Dr. Spencer - Ogallala Clinic." No other entries relating to Lois Bishop's medical history were recorded on the application.

Following Mrs. Bishop's mastectomy and the submission of the claim for benefits to Farm Bureau, Bishop was notified that the company was investigating the claim for further information. The evidence at trial revealed that Lois Bishop had been treated for "recurring bouts of mastitis involving the left breast," first noted in 1981. She sought treatment for the condition on July 9 and November 16, 1981, and September 3, 1982. The 1981 episodes of mastitis "responded well to the administration of antibiotics" and hot wet packs, and in 1982 the "inflammatory process subsided promptly" with the same treatment. In addition, Lois Bishop had a mammogram in

November of 1982 at the request of her doctor. She testified that she never saw the report, but her physician called her and "told me that I should come back maybe in six months for — just have something to go by." She stated that the doctor told her nothing that alarmed her or caused her any concern.

After the investigation, Farm Bureau sent a letter to the agent who completed Bishop's application, which stated, in part, as follows:

> The information received indicates that Mrs. Bishop has had this condition for quite some time and was being treated in the months prior to policy issue.
>
> The reports were shown to the underwritter [sic] and had we had the information at the time of issue, there would have been a breast rider added to the policy which excluded any coverage for disease or treatment of the breast.
>
> As all information confirms that this is a pre-existing condition, we must deny this claim.

As to Farm Bureau's first assigned error, we note that appellant argued this identical issue to this court in *Farm Bureau Life Ins. Co. v. Luebbe*, 218 Neb. 694, 358 N.W.2d 754 (1984). Farm Bureau's position in *Luebbe*, as well as in the case at bar, is that in cases where the insured makes a misrepresentation of fact, proof of intent to deceive is unnecessary. We held to the contrary in *Luebbe*, and we are not prepared to change our position.

The trial court correctly instructed the jury on the elements necessary to prove Farm Bureau's defense of misrepresentation.

Appellant's second assigned error alleges that the trial court erred in failing to give an instruction requested by Farm Bureau. To establish as error the trial court's refusal to give a requested instruction, an appellant is under a threefold burden. The burden is upon the party complaining to show that it was prejudiced by the court's refusal and that the tendered instruction is both a correct statement of the law and applicable to the facts and evidence in the case. *State v. Irish*, 223 Neb. 578, 391 N.W.2d 137 (1986); *State v. Lingle*, 209 Neb. 492, 308 N.W.2d 531 (1981).

Farm Bureau alleges that the trial court's refusal to give the requested instruction, as set forth earlier in this opinion, was prejudicial because a lack of such instruction "[told] the jury that when they considered the 'knowingly with intent to deceive' element . . . they had to find direct, affirmative evidence on the scienter issue, particularly on the 'intent to deceive' portion of the element." Brief for Appellant at 24. It further suggests that the suggested instruction *must* be given to the jury in order to make the jury aware that indirect circumstantial evidence is relevant to the issue. We cannot agree.

In determining the sufficiency of jury instructions on appeal, this court will read the instructions as a whole, and when they fairly submit the case and the jury could not have been misled, there is no prejudicial error. *Steed v. Oak Ridge Equestrian Ctr.*, 224 Neb. 792, 401 N.W.2d 495 (1987). A review of the record reveals that the trial court instructed the jury on proof by direct or circumstantial evidence. The instruction stated in part: "Evidence . . . is circumstantial where it is not directly known but is reasonably inferred from one or more other facts which are know [sic]. Such inference is reasonable if it naturally and logically follows the known fact or facts according to the common experience of mankind."

Taken as a whole, the instructions given in this case fairly and fully instructed the jury on Farm Bureau's theory of the case. It is not error to refuse to give a requested instruction if the substance of the request is in the instructions actually given. *State v. Thielen*, 216 Neb. 119, 342 N.W.2d 186 (1983). While it would not have constituted error to give the requested instruction, we hold that the circumstantial evidence instruction adequately instructed the jury as to the inferences which could be drawn from one or more facts which were known. Appellant alleges nothing which supports its view that the refusal to give the requested instruction was prejudicial error.

Appellee has requested that this court allow a reasonable sum as attorney fees pursuant to Neb. Rev. Stat. § 44-359 (Reissue 1984). In accordance with the statute, we award appellee an attorney fee for services in this court, in the amount

of $1,500.

We affirm the decision of the district court.

AFFIRMED.