JUDY CARNES, APPELLEE, V. JAMES E. WEESNER, D.D.S., ET AL., APPELLANTS.

428 N.W.2d 493

Filed September 2, 1988.   No. 86-422.

Alan L. Plessman for appellants.

David H. Hahn, of Hahn Law Office, and Brian C. Bennett, of Dunlap & Bennett, for appellee.

BOSLAUGH, CAPORALE, SHANAHAN, and GRANT, JJ., and BURKHARD, D.J.

GRANT, J.

Plaintiff, Judy Carnes, brought this action in the district court for Lancaster County against defendants, James E. Weesner, D.D.S., Henry Cech, D.D.S., and Weesner and Cech partnership, alleging that defendants' negligence proximately caused bodily injury to Carnes when she slipped and fell on the ice and snow in defendants' parking lot while attempting to enter her automobile after leaving defendants' office.

The record shows the following. On January 23, 1984, plaintiff took her 12-year-old daughter to the office of defendants in Lincoln, Nebraska, for a monthly orthodontic appointment with Dr. Cech. Plaintiff testified that on the day of her fall, the weather was cold and cloudy, but there was no precipitation. Plaintiff parked her car in one of the parking stalls in defendants' lot, which was adjacent to defendants' orthodontic office. As plaintiff was getting out of her car, she noticed that the lot was icy and slippery, and warned her daughter to be careful. Testimony of plaintiff and her daughter indicates that the condition of the parking lot was snowpacked and icy. As they walked across the parking lot to the office stairway, plaintiff and her daughter locked their arms with each other to provide support and stability on the slippery surface. The two entered the office, where the daughter kept her scheduled orthodontic appointment with Dr. Cech. Plaintiff remained in the waiting room during the appointment.

Following the appointment, plaintiff and her daughter left the office, descended the exterior stairs, and walked arm in arm across defendants' lot to their car by the same route they had taken on their way into the office. When they reached the back of their car, they separated, with plaintiff walking to the driver's door and the daughter walking to the passenger door. Plaintiff testified that she unlocked the door with her right hand. She then lifted up on the door handle, and, as she opened the door, her feet came out from under her and she fell to a sitting position. Immediately after falling, plaintiff experienced severe lower back pain and numbness in her left leg. The daughter and a woman who had been passing by helped plaintiff into plaintiff's car. Plaintiff drove herself to her husband's place of employment in Milford, Nebraska. Her husband drove her to

their family physician in Seward, Nebraska, and then to the emergency entrance of Seward Memorial Hospital.

Plaintiff spent the next 5 days in the hospital. After her release from the hospital, daily physical therapy sessions were required. In the following months, plaintiff suffered severe lower back pain and numbness in her left leg. This pain along with her decrease in mobility eventually forced her to change to a less physical job. On June 7, 1985, as a result of the severe back pain, plaintiff became too ill to remain at work. She had not returned to work at the time of trial, which began on December 11, 1985. On July 10, 1985, plaintiff underwent surgery on her lower back to fuse the bone of two vertebras.

At trial, the person hired by defendants to remove snow from defendants' parking lot testified that he removed the snow on November 28, 1983, and January 3, 1984. Testimony was received from a climatologist regarding snowfalls, temperatures, and other weather patterns during the winter of 1983-84. During January 1984, there were no significant snowfalls prior to January 23, 1984. The climatologist testified that the effect of the January 1984 pattern would be to transform existing snow into ice.

After the evidence was completed, the jury returned a verdict in favor of plaintiff and against defendants in the amount of $50,114.16. Defendants' motion for judgment notwithstanding the verdict or for new trial was overruled. Defendants timely appealed. They set out 12 assignments of error in their brief. Those assignments may be consolidated into three: The court erred (1) in failing to sustain defendants' motion for directed verdict made at the conclusion of all the evidence and motion for judgment notwithstanding the verdict; (2) in giving instructions Nos. 2, 3, 13, and 14; and (3) in refusing to give NJI 8.22, NJI 4.09, and NJI 3.31. We affirm.

With regard to the first assignment of error, we review defendants' appeal from the denial of motion for dismissal and directed verdict in light of the rule enunciated in *Lambelet v. Novak*, 225 Neb. 229, 231, 404 N.W.2d 28, 29-30 (1987). In *Lambelet*, we held:

> [A] directed verdict is proper only where reasonable minds cannot differ and can draw but one conclusion from the

evidence. *Vice v. Darm Corp.*, 224 Neb. 1, 395 N.W.2d 524 (1986); *Greening v. School Dist. of Millard*, 223 Neb. 729, 393 N.W.2d 51 (1986). Further, the parties against whom the verdict is directed are entitled to have every controverted fact resolved in their favor and to have the benefit of every inference which can reasonably be drawn from the evidence. If there is any evidence which will sustain a finding for the parties against whom the motion is made, the case may not be decided as a matter of law. *Kahrhoff v. Kohl*, 219 Neb. 742, 366 N.W.2d 128 (1985); *Whitaker v. Burlington Northern, Inc.*, 218 Neb. 90, 352 N.W.2d 589 (1984).

Our review of the record shows controverted facts which, if resolved in favor of the plaintiff, would support a verdict in her favor. Testimony by plaintiff, her daughter, and other witnesses produced sufficient evidence for the jury to find that defendants were negligent, that their negligence was the proximate cause of plaintiff's injuries, and that no affirmative defenses were available to defendants. There was evidence that the parking lot was icy and snowpacked on the date that plaintiff slipped and fell and that this condition had developed over a period of time. There was also evidence that this ice and compacted snow could have been removed; that the application of salt, sand, or other abrasives would have improved traction in the lot; and that such abrasives were not applied. With regard to defendants' knowledge of the lot's condition, evidence was adduced to show that one of the defendants walked across the lot from his car to the building each workday and thus was on notice of the slippery conditions. Plaintiff testified that she used caution when attempting to enter her automobile.

Plaintiff presented testimony to show that her damages were caused by the fall. In addition to plaintiff's own testimony regarding her symptoms both before and after the fall, the deposition testimony of plaintiff's expert witness, a physician, indicated that the force of the impact suffered by plaintiff caused her injuries. This evidence was sufficient to submit the case to the jury for resolution of any fact questions. Therefore, a directed verdict would have been improper.

In reviewing an appeal from the denial of a motion for

judgment notwithstanding the verdict, the same rule applies. In *Havlicek v. Desai*, 225 Neb. 222, 225, 403 N.W.2d 386, 389· (1987), we said:

> On a motion for judgment notwithstanding the verdict, the moving party is deemed to have admitted as true all the material and relevant evidence admitted which is favorable to the party against whom the motion is directed, and, further, the party against whom the motion is directed is entitled to the benefit of all proper inferences which can be deduced therefrom. *Farm Bureau Life Ins. Co. v. Luebbe*, 218 Neb. 694, 358 N.W.2d 754 (1984). A jury verdict will not be disturbed unless it is clearly wrong. *Id*.

The trial court did not err in denying defendants' motion for directed verdict and motion for judgment notwithstanding the verdict.

In connection with defendants' assignments of error concerning the instructions, we review the trial court's jury instructions in light of the general rule that all jury instructions must be read together, and if they taken as a whole correctly state the law, are not misleading, and adequately cover the issues, there is no prejudicial error. *Gilbert v. Archbishop Bergan Mercy Hospital*, 228 Neb. 148, 421 N.W.2d 760 (1988).

At trial, defendants objected to the giving of jury instruction No. 2. This instruction, which instructed the jury on the issues, burden of proof, and effect of findings for both plaintiff's claims and defendants' defenses, was adapted from NJI 2.01. Defendants' objections to instruction No. 2 were that (1) the instruction should not have included an act of negligence by defendants because of insufficient evidence; (2) the instruction on contributory negligence was inadequate because it did not reflect the specific negligent acts alleged in the defendants' answer; and (3) the instruction on assumption of risk was inaccurate.

With regard to the issue of defendants' negligence, the jury was instructed, in instruction No. 2, that "[p]laintiff claims in her amended petition that defendants were negligent in the following particular: (1) In failing to use reasonable care in maintaining defendant's parking lot." While general in its

terms, the instruction is not of the type criticized in *Graham v. Simplex Motor Rebuilders, Inc.*, 189 Neb. 507, 511, 203 N.W.2d 494, 497 (1973), where the trial court instructed the jury that the defendant might be found negligent " 'in otherwise failing to observe that care and caution required of reasonable, prudent persons under the circumstances.' " We held, in the *Graham* case, that such an instruction would permit the jury to speculate as to defendant's actions.

The case presented here is much different. Evidence had been presented that the lot could have been cleared, or kept clear, of ice and snow. Other evidence was to the effect abrasive materials were not applied, although such materials could have been applied. Plaintiff's contentions as to defendants' maintenance of their lot were clear. There was no error in this part of instruction No. 2.

On the issue of contributory negligence, the jury was instructed in instruction No. 2: "In defense to the plaintiff's claim, the defendants allege that . . . [a]ny injuries or damages which may have been sustained by the plaintiff were caused or contributed to by the negligence of the plaintiff herself." In their proposed jury instructions, defendants requested that the trial court give an instruction which more specifically reflects the negligent acts alleged in defendants' answer.

In *Gilbert v. Archbishop Bergan Mercy Hospital, supra* at 154, 421 N.W.2d at 764, we held that "it is not error for the trial court to refuse a request for additional instructions where it has, on its own motion, fairly and fully instructed the jury on a party's theory of the case." See, also, *First West Side Bank v. Hiddleston*, 225 Neb. 563, 407 N.W.2d 170 (1987). It is not error to refuse to give a requested instruction if the substance of the request is in the instructions actually given. *Bishop v. Farm Bureau Life Ins. Co.*, 228 Neb. 74, 421 N.W.2d 423 (1988). We hold that the jury instruction on the issue of contributory negligence sufficiently instructed the jury and therefore was not prejudicial to defendants. If anything, the broader instruction given by the trial court better served defendants' ends. Under the given instruction, possible bases for plaintiff's contributory negligence were limited only by counsel's argument and by his and the jury's imaginations. Such an instruction was not

prejudicial to defendants' position.

Defendants objected to the portion of instruction No. 2 which set out the burden of proof for the assumption of risk defense on the ground the instruction was incomplete. The instruction given was as follows:

[T]he burden is upon the defendants to prove, by a preponderance of the evidence, each and all of the following propositions:

1. That the plaintiff knew and appreciated the danger;

2. That the plaintiff voluntarily exposed herself to that danger with knowledge of the unreasonable character of the risk.

3. That as a proximate result of that danger the injury to the plaintiff occurred.

If the defendants have failed to establish any or all of the above numbered propositions by a preponderance of the evidence, you will disregard such defense.

In *Mandery v. Chronicle Broadcasting Co.*, 228 Neb. 391, 398, 423 N.W.2d 115, 120 (1988), we held: "Before the defense of assumption of risk is submissible to a jury, evidence must show that the plaintiff (1) knew of the danger, (2) understood the danger, and (3) voluntarily exposed himself or herself to the danger which proximately caused the plaintiff's damage." In the instant case, the jury was instructed on each of the assumption of risk factors, and the jury found for the plaintiff.

Defendants objected to the giving of jury instruction No. 3 on the grounds that it sets out that "[a] plaintiff does not assume a risk of harm unless he or she voluntarily accepts the risk. A plaintiff's acceptance of a risk is not voluntary if the defendant's conduct has left plaintiff no reasonable alternative course of conduct in order to avert harm to plaintiff." Defendants argue that this instruction is not a proper statement of the law and that the evidence was insufficient to warrant giving this particular instruction. Our review of the record shows that the trial court did not abuse its discretion in giving this instruction. Testimony was adduced which indicated that plaintiff had undergone substantial inconvenience and had incurred financial expense to come to defendants' orthodontic office. She reached the office safely. It was not prejudicial error

to instruct the jury to consider whether or not defendants' conduct had left plaintiff with a reasonable alternative course of conduct to return to her car.

On the assumption of risk issue, defendants also assign as error that the trial court committed reversible error by refusing to give NJI 3.31. This contention is without merit. NJI 3.31 is, in substance, embodied in part E of jury instruction No. 2, which was given. Both instructions provide the burden of proof for assumption of risk. Our general rule states that there is no prejudicial error if the instructions taken as a whole correctly state the law, are not misleading, and adequately cover the issues. *Gilbert v. Archbishop Bergan Mercy Hospital*, 228 Neb. 148, 421 N.W.2d 760 (1988).

We hold that the jury was properly instructed on the assumption of risk issue.

Defendants also assign as error that the giving of jury instruction No. 13 was reversible error and that the failure to give NJI 8.22 was reversible error. At trial, defendants objected to the giving of the instruction, stating that it was an improper statement of the law as modified from Nebraska Jury Instructions. They further objected that the instruction did not properly state the conditional duty of the defendants to use reasonable care and that the court failed to sufficiently emphasize the "unreasonable risk of harm" requirement. As the trial court pointed out, this instruction was "NJI [8.22] as modified by language from the *Corbin* case which cites the restatement." See, *Corbin v. Mann's Int'l Meat Specialties*, 214 Neb. 222, 333 N.W.2d 668 (1983); Restatement (Second) of Torts § 343 A (1965).

Instruction No. 13 provided in part:

If you find all of the following conditions are true, the defendants had a duty to use reasonable care:

(a) There was a condition on the parking lot of the defendants involving an unreasonable risk of harm to plaintiff, which defendants knew of, or, in the exercise of reasonable care, should have discovered; and

(b) *Defendants should have expected that plaintiff would fail to protect herself against the danger*; and

(c) *Defendants should have anticipated the harm to*

*plaintiff despite the obviousness of the condition of the parking lot.*

If you find all of the above conditions are true, then the defendants had a duty to use reasonable care:

(a) To make the parking lot safe for the plaintiff.

(Emphasis supplied.)

Defendants argue at page 25 of their brief that "[t]he central question before us is whether NJI 8.22 or alternatively, Restatement (Second) of Torts Section 343 A should apply to the facts of this case." This issue was before this court in *Tichenor v. Lohaus*, 212 Neb. 218, 322 N.W.2d 629 (1982), and later in *Corbin v. Mann's Int'l Meat Specialties, supra.*

In *Tichenor* and *Corbin*, this court expanded the potential for finding a duty owed by possessors to invitees in the area of known or obvious dangers. Prior to these cases, possessors normally had no duty to invitees if the dangers were known and apparent to the invitees. However, in *Tichenor*, we adopted the rationale of the Restatement, *supra*, § 343 A, and comment *f.* of this section.

Section 343 A at 218 states: "(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness.*" (Emphasis supplied.)

In *Tichenor* and in *Corbin*, we cited comment *f.* of § 343 A with approval:

" 'There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm. . . .' "

*Corbin v. Mann's Int'l Meat Specialties, supra* at 224-25, 333 N.W.2d at 669.

Parts (b) and (c) of instruction No. 13, which was given, reflect this rationale.

It would have been incorrect to give NJI 8.22 without modifying it as set forth in *Corbin v. Mann's Int'l Meat Specialties, supra*. Thus, the trial court was correct in modifying NJI 8.22 as it did.

Defendants' final objections to the jury instructions were that the trial court erred when it gave instruction No. 14, which was NJI 4.09A, and refused to give NJI 4.09.

NJI 4.09 instructs the jury to determine whether plaintiff had a condition which was causing disability or pain prior to the fall and then whether the preexisting condition was aggravated by the fall. Plaintiff can then recover only for the *aggravation* of the preexisting condition. The jury must apportion the recovery.

NJI 4.09A, on the other hand, instructs the jury that if it determines that plaintiff had a condition which was *not* causing disability or pain and that the preexisting condition was activated or "lighted up" by the fall, then, if the verdict is for plaintiff, plaintiff is entitled to recover for the whole of the result proximately caused by the fall.

Our review of the record, including the testimony of plaintiff and her physician, reveals evidence to support the contention that plaintiff may have had a preexisting condition, but that she was not experiencing pain as a result of it prior to the fall. Therefore, we hold that the trial court was correct in giving jury instruction No. 14 (i.e., NJI 4.09A) and in refusing to give NJI 4.09.

We find that the court's jury instructions adequately and correctly submitted the case to the jury.

We further hold that the trial court did not abuse its discretion in refusing to grant a new trial. "The District Court has the power and is required to consider and determine motions for a new trial by the exercise of its sound judicial discretion." *Alliance Tractor & Implement Co. v. Lukens Tool & Die Co.*, 199 Neb. 489, 491, 260 N.W.2d 193, 195 (1977). We hold that the trial court did not abuse its discretion in refusing to grant defendants' motion for a new trial.

We find no prejudicial error, and affirm the judgment of the

district court.

AFFIRMED.

BOSLAUGH, J., dissenting.

In my opinion the failure of the trial court to instruct on the specifications of negligence as alleged and requested by the defendant was prejudicial error which requires that the judgment be reversed.

It is the uniform and proper practice in this state that where specific acts of negligence are charged and supported by the evidence, the trial court instructs as to specific acts so alleged and supported. The failure to do so, even though not requested, is error. *Enyeart v. Swartz*, 213 Neb. 732, 331 N.W.2d 513 (1983); *Pool v. Romatzke*, 177 Neb. 870, 131 N.W.2d 593 (1964).

In the *Pool* case, the defendant's answer alleged eight specific acts of negligence by the plaintiff, but the trial court instructed the jury only that the defendant claimed that the accident resulted because of the negligence of the plaintiff. We there said:

> Nowhere in the instructions was the jury told which acts of the plaintiff the defendant considered to be negligent. Nor was the jury in any way apprised of defendant's theory of defense as detailed in his answer. What we said in Ripp v. Riesland, 176 Neb. 233, 125 N.W.2d 699, is applicable herein: "It is the duty of the trial court, without request, to submit to and properly instruct the jury upon all the material issues presented by the pleadings and the evidence.
>
> "It is the uniform and proper practice in this state that where specific acts of negligence are charged and supported by the evidence, the trial court instructs as to the specific acts so alleged and supported. The failure to do so, whether or not requested to do so, is error."
>
> Evidence was adduced which, if believed by the jury, would sustain some of the defendant's specifications of negligence. These, therefore, were material issues which the defendant was entitled to have properly presented to the jury. We determine that the instructions of the trial court did not adequately present the defendant's theory of

the case to the jury, and that the failure to do so constituted prejudical [sic] error.

*Pool v. Romatzke, supra* at 875-76, 131 N.W.2d at 597.

CAPORALE, J., joins in this dissent.