DWAIN JOHN, APPELLANT, v. OO (INFINITY) S DEVELOPMENT COMPANY, A GENERAL PARTNERSHIP, DEFENDANT AND THIRD-PARTY PLAINTIFF, NATIONAL UNION FIRE INSURANCE COMPANY, AND GINGER D. STOREY-ZIMMER, DOING BUSINESS AS ZIMMER MANAGEMENT SERVICES, THIRD-PARTY DEFENDANT, APPELLEES.

450 N.W.2d 199

Filed January 12, 1990.   No. 88-045.

T. J. Hallinan and Gordon D. Ehrlich, of Cobb, Hallinan & Ehrlich, P.C., for appellant.

Robert L. Bals, of Nelson & Harding, for appellee Infinity.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

Plaintiff-appellant, Dwain John, brought a negligence action against defendant-appellee OO (Infinity) S Development Company, a partnership (referred to hereinafter as "defendant"). Plaintiff alleged that defendant failed to maintain a "reasonable safe means" of ingress and egress, in that portable wooden stairs provided for plaintiff's use, as the employee of one of defendant's tenants, at defendant's loading dock were maintained by defendant in a defective state and as a result tipped over when plaintiff attempted to descend them, causing plaintiff injury. Defendant answered, denying it was negligent, and pleaded the defenses of contributory negligence and assumption of risk. Defendant also filed a third-party complaint against Ginger D. Storey-Zimmer, doing business as Zimmer Management Services, whom defendant had hired before the time of the injury to manage and maintain the property on which the plaintiff was injured. Defendant subsequently moved for summary judgment against plaintiff on the basis that the pleadings, deposition testimony, and affidavits demonstrated as a matter of law that plaintiff was contributorily negligent and had assumed any risk of injury from the stairs. The trial court sustained the motion for summary judgment on the grounds that the plaintiff was contributorily negligent as a matter of law, and dismissed plaintiff's petition. The trial court made no finding as to plaintiff's assumption of the risk.

Plaintiff appeals from this order, assigning as error the district court's holding that plaintiff was contributorily negligent as a matter of law. We reverse.

A party defendant is entitled to summary judgment if the pleadings, depositions, and admissions on file, together with affidavits, show there is no genuine issue as to any material fact

or as to the ultimate inferences which may be drawn from the material facts, and the moving party is entitled to judgment as a matter of law. Neb. Rev. Stat. § 25-1332 (Reissue 1985); *Wicker v. City of Ord*, 233 Neb. 705, 447 N.W.2d 628 (1989). Further, as we stated in *Babb v. United Food & Commercial Workers Local 271*, 233 Neb. 826, 830, 448 N.W.2d 168, 170 (1989), "[i]n appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence."

Considered in the light most favorable to plaintiff, the record shows the following. At the time of the incident on July 31, 1984, plaintiff was an employee of ADT Security Systems, for which he installed and maintained security systems. ADT was a tenant on the second floor of a two-story building owned by defendant Infinity and managed by defendant Ginger Storey-Zimmer of Zimmer Management Services. There was a parking lot on the west side of the building. There was an entrance on the northern end of the west side of the building and an entrance on the southern end of the west side of the building. Just south of the northern entrance and about 40 feet from the southern entrance there was a garage-type overhead door, about 10 to 12 feet wide, which opened into an interior loading area. The loading area was approximately 30 feet long and 20 feet wide. On the east end of the loading area was a loading dock which ran the length of the east wall of the loading area. The loading dock was approximately 3 feet above the level of the floor of the loading area.

Apart from jumping or stepping directly down from the loading dock, the only direct access from the dock to the floor of the loading area was a portable "step-stool" of wooden steps. The whereabouts of the actual steps is unknown. The oral descriptions and drawings of the steps by the witnesses and attorneys are approximate. Plaintiff supervised the construction of a model of the steps, and the model was admitted into evidence. The model shows that the steps were 2 feet high and extended outward 3 feet at the base. The three steps each extended 1 foot outward and were 1½ feet wide. The

drop from the loading dock to the first stair was 1 foot. The next drop was 10 inches, the next 10 inches, and the final drop from the third stair to the floor was 4 inches. There were no means for anchoring the steps to the loading dock. The steps had no "cross supports."

The steps had been used in the dock area since at least the time plaintiff helped ADT move into the building in 1982. At that time the steps were "wobbly" and would sway approximately 4 inches from side to side. Plaintiff used the steps about a hundred times in the course of moving ADT into the building, and about once a week after that. He used the dock area whenever he needed to load materials into the van. Plaintiff testified that he did not trust the steps and that he thought the steps could possibly collapse or tip, and therefore was always careful in using them, and was particularly careful in descending them. The condition of the steps deteriorated only slightly between the time ADT moved into the building in 1982 and the time of the incident in this case in July 1984.

The statements of the manager and at least one of the owner partners indicated that they were personally familiar with the condition of the steps, including, we infer, the instability of the steps. The manager of the property used the steps upon occasion and did not feel they were dangerous. Neither the manager nor the owner partner had ever received a complaint about the steps.

On July 31, 1984, plaintiff parked the company van inside the loading area and went upstairs to the office. About one-half hour later, he filled a 2- by 2- by 1.5-foot box with about 30 pounds of materials and took the elevator down to the first floor. Apparently, the elevator opens directly into the loading area. Plaintiff was carrying the box in front of his stomach. As he approached the portable wooden steps, he looked around the box at the top stair. Plaintiff intended to step onto the center of the first step. As plaintiff stepped onto the top step, the stairs tipped over, and plaintiff fell to the floor and was injured. The owner partner stated that after the incident he saw the steps in about the same condition they were in before the incident.

Under Neb. Rev. Stat. § 25-21,185 (Reissue 1985), plaintiff's contributory negligence will not bar recovery when the

contributory negligence of plaintiff was slight and the negligence of defendant was gross in comparison. Thus, to entitle defendant to summary judgment, defendant had the burden of proving, under the facts viewed most favorably to plaintiff, that (1) plaintiff's contributory negligence was more than slight as a matter of law or (2) defendant's negligence was not gross in comparison to plaintiff's negligence as a matter of law.

Defendant did not meet its burden to show that plaintiff's contributory negligence was more than slight as a matter of law. We said in *Tichenor v. Lohaus*, 212 Neb. 218, 224, 322 N.W.2d 629, 633 (1982): " 'If the defendant's negligence has made the plaintiff's exercise of a right or privilege impossible unless he exposes himself to a risk of bodily harm, the plaintiff is not guilty of contributory negligence in so doing unless he acts unreasonably.' "

The evidence, viewed most favorably to plaintiff, shows that although he did not trust the steps, he believed that the steps could be used safely as long as he was careful. It cannot be said as a matter of law that this belief was unreasonable. Plaintiff had used the steps without incident on more than two hundred prior occasions. Others used the steps regularly for a number of years, and the manager did not feel they were dangerous. There were no complaints about the steps or evidence that the steps had ever tipped or caused injury before the incident involving plaintiff.

If plaintiff's belief was reasonable, then he only breached his duty to protect himself to the extent he was not careful. The evidence, viewed most favorably to plaintiff, shows that plaintiff was being particularly careful when descending the steps. He looked at the top stair before stepping down and attempted to step into the middle of the top stair. Also, the evidence, viewed most favorably to plaintiff, does not show that he was unreasonable as a matter of law in not selecting an alternative route. The evidence is unclear as to the convenience of loading through the other exits of the building, and it appears to have been customary for defendant's tenants to use the loading area and the steps in the loading area, which were provided for that purpose. The only direct elevator access was

apparently in the loading area. As we discussed above, the degree of danger evident in the wobbliness of the steps apparently did not prevent them from being used. Defendant has not demonstrated as a matter of law that the danger evident from the steps justified the inconvenience of using alternative exits or setting the box down before attempting the steps. Consequently, it cannot be stated, as a matter of law, that plaintiff's belief that the steps could be used safely as long as he was careful was unreasonable and that his action resulted in a breach more than slight of his duty to care for his own safety. That is a question on which reasonable minds could differ.

The next issue is whether defendant met its burden to prove as a matter of law that defendant's negligence was not gross in comparison to plaintiff's. To assess defendant's negligence, we must first define defendant's duty to the plaintiff. We note that the plaintiff argued that defendant's duty toward him should be measured by his status as an invitee. Defendant did not take issue with plaintiff's characterization, and for the purpose of this litigation we accept it.

In defining a landowner's duty to an invitee in reference to known or obvious dangers, we have adopted the language from Restatement (Second) of Torts § 343 at 215-16 (1965), which states:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

See *Tichenor, supra.* See, also, *Burns v. Veterans of Foreign Wars*, 231 Neb. 844, 438 N.W.2d 485 (1989); Restatement (Second) of Torts § 343 A, comment *f.* (1965).

Under this rule, defendant owed a duty to plaintiff to take reasonable measures to make the steps safe for their intended use. Defendant provided the steps to its tenants for the purpose

of loading and unloading their vehicles. The steps were small, wobbly, and unanchored. Defendant's manager stated that she did not think the steps were dangerous and that she personally used the steps, as, presumably, did the owners. It is a reasonable inference that defendant knew of the wobbly condition of the small steps. Defendant knew or should have known that its tenants would be using the steps while carrying heavy and bulky objects and that a wobble in the steps could cause tenants to lose their balance, to slip, or to drop their packages. A careful tenant could have been injured by using these steps. For the above reasons, it might be reasonably inferred that the instability of the steps created an unreasonable risk of harm.

Defendant should have expected that its tenants would fail to protect themselves from the danger of the steps. Defendant was aware that the tenants were using the steps and would continue to use the steps despite their poor condition. The dock was designed and provided for loading. Over the years, it must have been obvious to the defendant that its tenants might fail to protect themselves from the possible danger of the steps. Defendant, therefore, had a duty to make the steps safe for use by its tenants.

A jury could reasonably find that defendant's failure to replace or repair the steps was a substantial breach of defendant's duty to plaintiff. Repair or replacement of the steps with sturdier or permanent steps would have been relatively easy and inexpensive. The chance that someone would fall and sustain serious injury was significant enough to warrant repair or replacement of the steps. In fact, part of the reason why the risk in this case was "unreasonable" is that the risk could have been so easily removed by defendant. See *Tichenor v. Lohaus*, 212 Neb. 218, 322 N.W.2d 629 (1982). Whether defendant breached its duty to plaintiff to a degree which a jury would consider gross as compared to plaintiff's breach of his duty to protect himself remains a genuine issue as to a material question of fact.

Defendant's negligence in this case was of such a degree that a reasonable jury could determine that it was gross as compared to the negligence of plaintiff. Defendant has not overcome its burden to show as a matter of law that the negligence of

plaintiff was more than slight or that its negligence was not gross as compared to plaintiff's negligence. We believe that reasonable minds could differ on the issue of contributory negligence in this case and the question should not be determined on defendant's motion for summary judgment.

Defendant then argues that even if the plaintiff was not contributorily negligent as a matter of law, he assumed the risk of injury from the steps as a matter of law. The trial court did not rule on this point, but we must address it, because if defendant is correct in this contention, the order of the trial court would still be affirmed, even though the trial court was not correct in its disposition of the contributory negligence question.

In *Carnes v. Weesner*, 229 Neb. 641, 647, 428 N.W.2d 493, 497 (1988), we quoted with approval the holding in *Mandery v. Chronicle Broadcasting Co.*, 228 Neb. 391, 423 N.W.2d 115 (1988), on the assumption of risk doctrine as follows: " 'Before the defense of assumption of risk is submissible to a jury, evidence must show that the plaintiff (1) knew of the danger, (2) understood the danger, and (3) voluntarily exposed himself or herself to the danger which proximately caused the plaintiff's damage.' "

In the *Carnes* case, the plaintiff had traversed an icy parking lot and reached her destination at defendants' office. She was injured during her return to her car. Defendants objected to the trial court's instruction in the *Carnes* case on this issue. The instruction objected to stated: " 'A plaintiff does not assume a risk of harm unless he or she voluntarily accepts the risk. A plaintiff's acceptance of a risk is not voluntary if the defendant's conduct has left plaintiff no reasonable alternative course of conduct in order to avert harm to plaintiff.' " *Id.* at 647, 428 N.W.2d at 497.

We held that "[i]t was not prejudicial error to instruct the jury to consider whether or not defendants' conduct had left plaintiff with a reasonable alternative course of conduct to return to her car." *Id.* at 647-48, 428 N.W.2d at 497-98.

Similarly, in this case, it is not appropriate to dispose of defendant's assumption of risk defense on a motion for summary judgment. At this point in time, whether defendant's

conduct left plaintiff with a *reasonable* alternative course of conduct remains a genuine issue and cannot be decided as a matter of law. Defendant's contention that the doctrine of assumption of risk requires that its motion for summary judgment be granted is without merit.

The order of the district court granting summary judgment in favor of defendant and dismissing the petition of plaintiff is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.