FIRST NATIONAL BANK OF OMAHA, A NATIONAL BANK, APPELLANT, v. CHADRON ENERGY CORPORATION, A NEBRASKA CORPORATION, APPELLEE.

459 N.W.2d 736

Filed August 31, 1990.   No. 88-435.

James B. Cavanagh, of Erickson & Sederstrom, P.C., for appellant.

M.J. Bruckner and W. Scott Davis, of Bruckner, O'Gara, Keating, Sievers & Hendry, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

The First National Bank of Omaha (FNBO) brought suit against Chadron Energy Corporation (CEC) to collect the amount alleged to be due on a promissory note dated March 29, 1982. FNBO appeals the order of the district court, which held that the promissory note had been paid and granted summary judgment in favor of CEC. This case, although briefed separately, was consolidated for argument with *Chadron Energy Corp. v. First Nat. Bank, ante* p. 173, 459 N.W.2d 718 (1990) (*CEC II*). Most of the facts essential to a determination of this appeal will be found in that opinion. We affirm.

A party is entitled to summary judgment if the pleadings, depositions, and admissions on file, together with affidavits, show there is no genuine issue as to any material fact or as to the ultimate inferences which may be drawn from the material facts, and the moving party is entitled to judgment as a matter of law. *John v. OO (Infinity) S Development Co.*, 234 Neb. 190, 450 N.W.2d 199 (1990). In an appellate review of a summary judgment, the court reviews the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Id.*

The note which FNBO is trying to collect is one executed on March 29, 1982, by CEC in the amount of $666,000. It was secured by certain shares of the capital stock of First National Bank of Chadron, owned by CEC. We find it unnecessary to relate or discuss the various errors assigned by FNBO, because the disposition of this case is fully embodied in our decision in *CEC II*. Reference to that decision leaves no question that the note which FNBO is trying to collect here has been fully paid as the result of FNBO's action in selling the collateral and retaining the proceeds in an amount covering the debt of the note. Therefore, the question presented by this appeal is now

moot, and the judgment of the district court is affirmed.

Where cases are interwoven and interdependent, and the controversy has already been considered and determined in a prior proceeding involving one of the parties now before the court, the court has a right to examine its own records and take judicial notice of its own proceedings and judgment in the prior action. *In re Estate of Casselman*, 219 Neb. 653, 365 N.W.2d 805 (1985).

CEC, although not cross-appealing from the failure of the trial court to award attorney fees, nevertheless requests this court to enter an order taxing attorney fees to FNBO for services rendered during this appeal because of the claimed frivolous nature of FNBO's appeal. FNBO takes the position that CEC may not request attorney fees because it did not cross-appeal the issue.

Neb. Rev. Stat. § 25-824(2) (Reissue 1989) provides in part as follows:

> [I]n any civil action commenced or appealed in any court of record in this state, the court shall award as part of its judgment and in addition to any other costs otherwise assessed reasonable attorney's fees and court costs against any attorney or party who has brought or defended a civil action that alleges a claim or defense which a court determines is frivolous or made in bad faith.

It seems apparent that § 25-824(2) authorizes attorney fees for services in defending against a frivolous appeal to this court whether or not fees were requested or ordered in the trial court. See, *Lutheran Medical Center v. City of Omaha*, 229 Neb. 802, 429 N.W.2d 347 (1988); *Graham v. Waggener*, 219 Neb. 907, 367 N.W.2d 707 (1985).

This court has adopted the position that all doubts as to whether an action is frivolous should be resolved in favor of the petitioner, and sanctions should not be imposed except in the clearest cases. See *Shanks v. Johnson Abstract & Title*, 225 Neb. 649, 407 N.W.2d 743 (1987).

Given the complexity of the facts involved and the problems both parties, as well as the trial court and this court, have had in resolving this matter, it is not clear that FNBO did not commence this action in good faith or that its present litigation

was an effort to harass or delay CEC. CEC's request for attorney fees is denied.

AFFIRMED.